[No. 11553. Department Two. March 26, 1914.]

CHARLES CORNELL, *Appellant*, v. E. P. EDSEN, *Respondent*.[1]

LIMITATION OF ACTIONS—BREACH OF DUTY OF ATTORNEY—RELIEF ON THE GROUND OF FRAUD—STATUTES—CONSTRUCTION. An action for damages against an attorney for wrongfully dismissing an action and concealing the fact, is not an action "for relief upon the ground of fraud," within Rem. & Bal. Code, § 159, providing that limitations do not run until the discovery of the fraud; but is an action for breach of duty arising from contract, and accrues when the contract is violated; since fraud is not the gravamen nor an essential element of the right of action.

Appeal from a judgment of the superior court for King county, Myers, J., entered January 6, 1913, in favor of the defendant, on the pleadings. Affirmed.

*R. E. Thompson, Jr.*, for appellant.

*E. P. Edsen* and *Edward Judd* (*Frank E. Hammond*, of counsel), for respondent.

MORRIS, J.—Appeal from an order granting judgment on the pleadings. The complaint recites, that the respondent is an attorney, and that, on December 1, 1904, appellant, hav-

[1]Reported in 139 Pac. 602.

ing a good cause of action against an insurance company for loss sustained under one of its policies, employed respondent to commence an action against the insurance company; that respondent, as such attorney, commenced such action, and that on May 15, 1905, the same came on to be heard in the superior court for King county; that the trial judge, after hearing the cause upon its merits, continued the same for further advisement, and that while said cause was so being held by the trial judge, and before any decision had been announced, the respondent, without the knowledge or consent of appellant, did on July 20, 1905, dismiss the cause of action without prejudice; that appellant did not obtain knowledge of such dismissal until four weeks prior to the commencement of this action, but at all times believed, as he was led by respondent to believe, that the trial judge had decided his cause of action adversely to him; that his cause of action against the insurance company is now barred by lapse of time, and that, on account of the misrepresentation of respondent, he has suffered a loss of his cause of action, to his damage in the sum of $560, for which judgment is demanded.

Two defenses were set up by answer, but it is evident that the one given effect in the ruling complained of is that which pleads the statute of limitation. Appellant seeks to avoid the statute by asserting that the cause of action is based upon fraud, and the statute would not begin to run until after its discovery, founding his argument upon Rem. & Bal. Code, § 159, subd. 4 (P. C. 81 § 63), providing that actions for relief upon the ground of fraud are barred within three years, but that the cause of action in such case shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. This provision has no application to the case presented, because it is not "an action for relief upon the ground of fraud." We have held that this provision "has reference to suits by parties to contracts who

are asking to be relieved from contracts that they were fraudulently induced to make, as where a deed has been fraudulently obtained, and suits of that character where fraud is the substantive cause of the action." *Wagner v. Law*, 3 Wash. 500, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784. To the same effect is *Morgan v. Morgan*, 10 Wash. 99, 38 Pac. 1054, citing authorities interpreting like statutes. The appellant is not here seeking to relieve himself of the burden of some obligation or liability he was induced to assume or undertake by reason of some fraudulent act on the part of respondent, and which he would not have assumed or undertaken except for such fraudulent act. There is here no prayer addressed to a court of equity for relief because of fraud or misrepresentation. It is cases of this character that come within the meaning of the statute. It is said in *Brown v. Cloud County Bank*, 2 Kan. App. 352, 42 Pac. 593, in referring to the bar of this statute:

"This limitation applied in express terms to 'an action for relief on the ground of fraud.' This cannot be held to apply to every case wherein a fraudulent transaction may be, either directly or incidentally, inquired into. It must be a case where the party against whom the statute is urged as a bar is seeking relief to which he claims himself entitled because of the fraud of the opposite party. In other words the fraud must be a part of the substantive cause of action on which the right to relief is founded, and without which no cause of action exists."

All that appellant is here seeking is damages claimed to have been suffered because of the wrongful act of respondent. The action is plainly one based upon a breach of duty growing out of the relation existing between the parties, a contractual relation which calls for a full disclosure; and when, by reason of the failure to make a full and complete disclosure, or the withholding or concealment of facts which should have been disclosed, loss is suffered, there is a breach of duty, and for such breach an action will lie. But

like any other action founded upon a breach of duty imposed either by law or contract, the action arises out of the breach, and the statute of limitations begins to run from the time of the breach and not from the time of its discovery. No action lies for speaking an untruth, unless by virtue of the relation between the parties the law imposes the duty of speaking the truth. No action lies for concealment unless the law imposes the duty of disclosure. In this case, the duty is one growing out of the relation between the parties, and that relation is one based upon contract. The relation, it is true, is fiduciary, but that does not disturb the fact that it is contractual, and that a cause of action based upon the breach of the contract accrues when the contract is violated and not when the violation is discovered.

The supreme court of Kansas, in reviewing an action to recover for the violation of a verbal agreement containing a stipulation against discrimination in transportation rates, where it was sought to treat the action as one for relief upon the ground of fraud in order to avoid the statute of limitations, says, in *Atchison, T. & S. F. R. Co. v. Atchison Grain Co.*, 68 Kan. 585, 75 Pac. 1051:

"In some of the states fraudulent concealment of a cause of action is made to extend the time of bringing the action for the period of limitation after the discovery that a cause of action exists; but the code of this state makes no such provision, except as to actions for relief on the ground of fraud. So far as actions founded upon agreements or contracts are concerned, the operation of the statute depends upon the nature of the cause of action and not upon the time that a plaintiff discovers that he has a right of action. The action accrues when the contract is violated and not at the time when the plaintiff learns that it has been violated. In the absence of a statute making concealment an exception to the statute of limitations, the courts cannot create one, however harsh and inequitable the enforcement of the statute may be."

This being the true nature of appellant's cause of action, it added nothing to it to characterize respondent's action as fraudulent.

"Where the gravamen of the bill is for a breach of duty, and the action is thereby brought within the adverse effect of the influence of the statute of limitations, the addition of bare averments which call the same acts fraudulent do not convert it into a bill both for a fraud and a breach of duty or for fraud alone. The alleged acts constituted negligence, and it is useless to escape from the legal consequences of an action to recover damages for such acts by affixing to them the adjective 'fraudulent.' The bill is what it was originally, and the rider in regard to fraud has not altered its character." *Frishmuth v. Farmers' Loan & Trust Co.*, 107 Fed. 169.

Neither is it necessary to aver that respondent's action was fraudulent, for an attorney is liable to his client for his failure to perform his professional duty whether such failure was intentional and fraudulent or not. The charge of fraud, or the absence of such a charge, neither adds to nor takes from the right of action, since it exists independent of the fraud and is based upon a breach that gives the right of action, whether that breach was intentional or unintentional, with or without fraud. We find this statement of the rule in 25 Cyc. 1182:

"It is generally held that in order for the running of the statutes to be postponed until the fraud is discovered, fraud must be the gravamen of the action; that is, the action must be based on fraud. This is especially true under statutes which embody the equitable rule, as the greater number of them expressly apply to 'actions for relief on the ground of fraud.' Thus the running of the statute is not postponed where the purpose of the action is merely to enforce a contract or recover damages for its breach, . . . or in an action based on a violation of duty imposed by contractual relations, . . . or in cases where the fraud is merely collateral to the cause of action, or where the cause of action is complete without fraud, notwithstanding unnecessary averments of fraud in the complaint. Fraud must be the principal ground on which relief is asked."

For these reasons, we believe the judgment is sustained by the law, and it is affirmed.

CROW, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.