[No. 17622.    Department Two.    May 14, 1923.]

ISABELLA JONES, *Appellant,* v. GEORGE W. GREGORY
*et al., Respondents.*[1]

LIMITATION OF ACTIONS (17-1)—APPLICABLE TO PARTICULAR AC-
TIONS—BREACH OF ATTORNEY'S DUTY. A client's action against her
attorneys for loss suffered through their negligence and failure to
exercise reasonable professional skill, must be commenced at least
within three years, under Rem. Comp. Stat., § 159, covering actions
upon oral contracts express or implied.

SAME (40)—ACCRUAL—BREACH OF ATTORNEY'S DUTY—TOLLING
STATUTE—SUBSEQUENT ACTS. A client's action against her attorneys
for loss suffered on the final distribution of an estate, through their
negligence and failure to exercise reasonable professional skill, ac-
crued not later than the entry of the decree of distribution; and
was not tolled by the client's requested subsequent proceedings to
have the decree set aside.

Appeal from a judgment of the superior court for
King county, Brinker, J., entered April 27, 1922, upon
sustaining a demurrer to the complaint, dismissing an
action for damages.    Affirmed.

*H. E. Foster,* for appellant.

*Poe & Falknor,* for respondents.

PARKER, J.—The plaintiff, Mrs. Jones, seeks recov-
ery of damages from the defendants, attorneys at law
engaged as partners in the practice of law in this state,
which she claims to have suffered as the result of their
negligence and the want of the proper exercise of pro-
fessional skill and learning in advising her as to her
inheritance rights in the administration and distribu-
tion of the estate of her deceased husband.    The de-
fendants demurred to the plaintiff's complaint upon
the ground that it does not state facts constituting a
cause of action, and that the action has not been com-
menced within the time limited by law.    The demurrer

[1]Reported in 215 Pac. 63.

being by the superior court sustained and the plaintiff electing to not plead further, judgment of dismissal was rendered against her, from which she has appealed to this court.

The controlling facts may be summarized from the allegations of the complaint, as follows: On October 8, 1917, M. F. Jones, a resident of King county, in this state, died intestate, leaving no children, nor direct descendants, nor father nor mother, but leaving appellant, his wife, and twelve nephews and nieces; and leaving a separate estate of substantial value in this state. Soon thereafter appellant employed respondents as attorneys for herself and for the estate. They procured her appointment as administrator by the usual proceedings, and when the estate was ready for final settlement and distribution, they prepared the usual final account and petition for distribution; thereby showing to the court, among other things, that the deceased died, leaving heirs, as we have already noticed, and praying that the estate be distributed, one-half to appellant, and one-half to the twelve nephews and nieces; respondents advising appellant that such was the law under the statutes of descent of this state, § 1341, Rem. Comp. Stat. [P. C. § 9847]; and thereby inducing her to sign such petition for distribution. Such proceedings were had upon the filing of such final account and petition for distribution that, on the 4th day of December, 1918, the final account was settled and the estate distributed by a decree entered in accordance with the allegations and prayer of the petition for distribution, resulting in appellant receiving one-half of the property of the estate, and the twelve nephews and nieces of the deceased receiving the other half; which distribution of the property of the estate is now claimed by appellant to have been erroneous

and induced by the advice negligently given to her by respondents as her attorneys, and the presentation of the question of distribution to the court in the manner in which it was done by the petition for distribution.

Thereafter, on July 31, 1919, the defendants filed in the superior court on behalf of appellant a motion and petition seeking the vacating and setting aside of the decree of distribution and the awarding to her of all of the property of the estate, claiming the original decree of distribution to have been erroneous in not so having awarded her all the property of the estate. Such proceedings were had upon that motion and petition that, on January 10, 1920, judgment and decree of the superior court was entered setting aside the original decree of distribution, and thereupon decreeing distribution of all of the property of the estate to appellant. Thereafter the nephews and nieces, to whom one-half of the property had been distributed by the original decree of distribution, appealed from the order and judgment setting aside that decree. Thereafter, on July 28, 1921, this court reversed the order and judgment of the superior court setting aside the original decree of distribution, which had the result of leaving that decree in full force and effect, in *In re Jones' Estate,* 116 Wash. 424, 199 Pac. 734. Thereafter, in March, 1922, which, it will be noticed, was three years and three months after the rendering of the original decree of distribution, this action was commenced by appellant against respondents, claiming damages from them, which terminated in the superior court by the judgment of dismissal here appealed from.

Whether or not respondents correctly construed our statute (Rem. Comp. Stat., § 1341) [P. C. § 9847], prescribing the rules of descent of real property, in

advising appellant and procuring the decree of distribution of the property of the estate, to the prejudice of her legal rights, is, we repeat, as said in the decision rendered by this court in *In re Jones' Estate,* 116 Wash. 424, 199 Pac. 734, "an interesting and close question." However, we find it unnecessary to determine that question here, since we are quite convinced that this action was not commenced within the time limited by law. It seems to be conceded by counsel that the time limited by law for the commencement of an action of this nature is three years, as prescribed by § 159, Rem. Comp. Stat. [P. C. § 8166]. The applicable period of limitation is, in any event, not exceeding three years.

The contention made in appellant's behalf seems to be that in some way the starting of the running of the statute was stayed by the efforts put forth by respondents as counsel for appellant looking to the setting aside of the original decree of distribution and the entering of another decree of distribution awarding to her all of the property of the estate. We are quite at a loss to understand how such action on the part of respondents, or how such subsequent proceedings in court looking to the setting aside of the original decree of distribution, could stay the starting of the three-year statute of limitations. Surely whatever respondents did resulting in damage to appellant occurred not later than the entering of the decree of distribution on December 4, 1918. Manifestly appellant's right of action, if any she ever had, accrued not later than that date. Every act of respondents which could possibly have resulted in the damage claimed to have been suffered by appellant was committed before or upon that date. This is not an action for relief upon the ground of fraud, nor is it so contended, the accrual

of which does not occur until the discovery of the fraud by the aggrieved party; nor does appellant fall within any of the specified classes of persons under disability mentioned in our statutes of limitation.

It seems to us that the decision of this court in *Cornell v. Edsen,* 78 Wash. 662, 139 Pac. 602, 51 L. R. A. (N. S.) 279, is conclusive against appellant upon the question of her right of action being barred by lapse of time.  The almost universally accepted view of the law in this country since the decision of the supreme court of the United States in *Wilcox v. Executors of Plummer,* 4 Peters (U. S.) 172, is against appellant on the question of her right of action being barred by the lapse of time.  See *Fortune v. English,* 226 Ill. 262, 80 N. E. 781, 12 L. R. A. (N. S.) 1005, and note in the last cited volume.  It hardly needs argument or citation of authority to demonstrate that, under the circumstances of this case, nothing occurred to toll the running of the statute after it had started on its course, which occurred in any event not later than the date of the entering of the decree of distribution on December 4, 1918, decreeing one-half of the property of the estate to appellant and one-half thereof to the twelve nephews and nieces of the deceased. 17 R. C. L. 825.

The order sustaining respondent's demurrer to appellant's complaint, and the judgment dismissing the action upon appellant's declining to plead further, were correctly rendered and must be affirmed.  It is so ordered.

MAIN, C. J., concurs.

FULLERTON, J. (concurring)—I concur in the result reached in the foregoing opinion, but I prefer to rest my conclusion on the ground that the appellant was not entitled to a greater share of her deceased hus-

band's estate than was awarded in the decree which this court made final. In other words, I am of the opinion that the trial court, and the counsel here sued, correctly interpreted the statute in the first instance.

TOLMAN, J. (concurring)—I concur on both grounds.