[No. 18981.   Department Two.   May 8, 1925.]

WILLIAM S. SMITH, *Appellant*, v. H. M. BERKEY, *Respondent*.[1]

LIMITATION OF ACTIONS (56)—CONTRACTS—BREACH OF DUTY OF ATTORNEY—ACCRUAL OF ACTION. An action against an attorney, for failure to file a complaint until the right was barred, is an action based on breach of contract which accrues at the time of the breach, and not from the date of its discovery; and is barred if not commenced within three years.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered April 5, 1925, upon sustaining a demurrer to the complaint, in an action for damages. Affirmed.

*F. W. Girand*, for appellant.

*Berkey & Cowan*, for respondent.

TOLMAN, C. J.—Appellant, as plaintiff, brought this action to recover damages accruing from alleged neglect and carelessness on the part of respondent, as defendant, in his conduct of an action which he had been employed to prosecute as an attorney on behalf of the plaintiff. A demurrer to the complaint was sustained by the trial court on the ground that the action was barred by the statute of limitations. Plaintiff elected to stand on his complaint, and from an order dismissing the action, he has appealed.

[1]Reported in 235 Pac. 793.

The complaint, in substance, alleges that respondent is a duly licensed and practicing attorney at law; that he was employed as such by appellant to prosecute an action against one Montelius and his wife; that he caused summons and complaint to be served on the defendants in that action, but neglected to file the original summons and complaint in the office of the clerk of the court where the action was pending until August 6, 1920; that, by reason of the failure to file the summons and complaint in time, the action was barred by the statute of limitations, and thereafter a judgment was rendered in favor of the defendants in that action, solely on the ground that the action was not commenced within the time limited by law.

The appellant seems to contend that his right of action against respondent did not accrue until the entry of the judgment denying him recovery in the former action, because, perhaps, his loss was not apparent until that time. Such is not the law. This is an action based upon a breach of duty.

"But like any other action founded upon a breach of duty imposed either by law or contract, the action arises out of the breach, and the statute of limitations begins to run from the time of the breach and not from the time of its discovery. No action lies for speaking an untruth, unless by virtue of the relation between the parties the law imposes the duty of speaking the truth. No action lies for concealment unless the law imposes the duty of disclosure. In this case, the duty is one growing out of the relation between the parties, and that relation is one based upon contract. The relation, it is true, is fiduciary, but that does not disturb the fact that it is contractual, and that a cause of action based upon the breach of the contract accrues when the contract is violated and not when the violation is discovered." *Cornell v. Edsen,* 78 Wash. 662, 139 Pac. 602, 51 L. R. A. (N. S.) 279.

See, also: *Thomas v. Richter,* 88 Wash. 451, 153 Pac. 333; *Golden Eagle Mining Co. v. Imperator-Quilp Co.,* 93 Wash. 692, 161 Pac. 848, L. R. A. 1917C 113. This seems to be the general rule. 25 Cyc. 1083, and an extensive note in 12 L. R. A. (New Series) at page 1005.

It is apparent from the face of the complaint that the breach of duty occurred prior to August 6, 1920, and the action not having been brought until December 8, 1923, it was not brought within the time limited by law.

The judgment is affirmed.

FULLERTON, HOLCOMB, MITCHELL, and MACKINTOSH, JJ., concur.