[No. 22180.   Department Two.   May 28, 1930.]

C. E. SCHIRMER, *Respondent,* v. G. M. NETHERCUTT, *Appellant.*[1]

[1]Reported in 288 Pac. 265.

*Neil C. Bardsley* and *George M. Nethercutt,* for appellant.

*W. W. Zent* and *Powell & Herman,* for respondent.

HOLCOMB, J.—This case is an aftermath of the decision of this court in *State ex rel. Schirmer v. Superior Court,* 143 Wash. 578, 255 Pac. 960.

This action was brought by respondent to recover damages from appellant, an attorney at law, for breach of duty in permitting respondent to act as a witness to a will in which respondent was named as a beneficiary. Respondent alleged that he employed appellant as an attorney to prepare the will for the grand-

mother of respondent. The nature of the will, its witnessing, and the effect thereof on respondent as a legatee, who had been intended by the testatrix to receive one-half of the residue of her estate, and of an attempted codicil to that will are clearly stated in the former decision.

In his complaint herein, respondent alleged that, on February 28, 1926, for a valuable consideration then paid to appellant, he employed appellant as an attorney for the purpose of drawing the last will and testament of Karolina Waigel, grandmother of respondent; that the will was prepared in accordance with the instructions given by Karolina Waigel and respondent; that appellant carelessly and negligently failed and neglected to exercise diligence in permitting respondent, named as a beneficiary in the will, to act as a witness thereto and, as a result of such witnessing signature, respondent lost the entire value of the money and property he would have received had appellant had another than respondent witness the execution of the will. Respondent alleged the value of the one-half residuary share of the estate of the testatrix, which he would have received had he not been rendered ineligible to inherit the same under the will, was of the value of $15,000.

A demurrer interposed to the complaint on statutory grounds was overruled, and appellant answered. In his answer, after denials, he set up six affirmative defenses: (1) That the action was barred by Rem. Comp. Stat., § 165, not having been brought within two years after the date the alleged cause of action accrued; (2) that appellant was a private and personal attorney for Karolina Waigel, and had no contractual relation with respondent, and owed no duty to him; (3) that Karolina Waigel and respondent each was advised that respondent could not and would not take

thereunder the bequest therein provided for him; (4) that respondent and appellant, prior to the commencement of this action, settled all matters and things alleged in the complaint; (5) that respondent was a student of law in appellant's office, and had been instructed that a subscribing witness to a will could not, under the law, partake of any benefits if named as a beneficiary in the will; that respondent was advised by reason of his being executor of the estate of Karolina Waigel, deceased, that the whole of the estate was appraised and was of the value of not over $13,600, from which should be deducted expenses of administration, funeral expenses, expenses of last illness and special bequests therein provided; that respondent knew, before the death of Karolina Waigel, that she had, in effect, repudiated him and intended that he should not share in her estate, beyond being remunerated for acting as administrator thereof, because of previous advances made by her to him during her lifetime, and refused to make further advances to him; (6) that, during the time mentioned in his complaint and for some time prior thereto, respondent acted as agent and employee of Karolina Waigel in handling business transactions, and any acts and things done and performed by respondent in connection with the preparation and execution of her will were so done and performed by him as her agent aforesaid; that respondent also acted for and on behalf of the deceased, handled funds for her, paid to appellant herein from time to time moneys for and on behalf of Karolina Waigel, and was her sole agent in reference to such business transactions.

Respondent replied to the affirmative allegations, denying the first, second and third; denying the fourth as to any release and settlement, and further alleging, affirmatively, that any pretended release or settlement

obtained by appellant from respondent had been obtained fraudulently by deceit and misrepresentation practiced by appellant upon respondent; the fifth affirmative defense was admitted to the extent of admitting that respondent entered into a contract with appellant to undertake the study of law under appellant, and also admitted that the appraised valuation of the estate of Karolina Waigel was approximately $13,600, and denied every other allegation therein contained; the sixth affirmative defense was denied, except that respondent admitted that he assisted Karolina Waigel in certain business matters, and reaffirmed that respondent, himself, had personally employed appellant as an attorney to prepare and have properly executed the last will and testament of Karolina Waigel, which appellant did cause to be prepared and executed, and for which work and services respondent himself paid to appellant the sum of $10.

After the jury was impaneled and the opening statement made by counsel for respondent, appellant moved that no evidence be received on behalf of respondent, for the reason that his complaint did not state a cause of action, in that no more than a mere expectancy in the estate of the deceased was shown to exist, the value of which had not been ascertained. The motion was denied. At the close of respondent's case, appellant again moved for a directed verdict in his favor, which motion was denied.

Appellant submitted two special interrogatories to be submitted to the jury by the trial court as follows:

"Was the plaintiff acting as the agent of Karolina Waigel?"

"Was the defendant acting as attorney for Karolina Waigel?"

The submission of these interrogatories was denied by the trial court, to which appellant excepted.

After a verdict and judgment, appellant moved for a judgment *non obstante* or for a new trial, submitting affidavits in support thereof. Counter affidavits contradicting the allegations made in the affidavits of appellant were filed by respondent. The motion for judgment *non obstante* and for a new trial were both denied.

At the trial, evidence was introduced by respondent showing that the appraised value of $13,600, as alleged by appellant and admitted by respondent, was increased by independent evidence showing that some of the property had increased in value, and that certain property in Montana, which had been appraised at $1.00, had been converted into a security of the actual value of $3,267. There was thus a net increase in the appraised value of that item alone of $3,266. The total net estate proven by respondent was at least twice the amount of the verdict for $7,400.

Seventeen errors are assigned and urged by appellant.

■ Respondent, in his brief, moves the court to strike that part of appellant's abstract headed "Evidence," comprising twelve pages of the abstract. There is some merit in this motion, and it has been necessary both for appellant and for this court to refer entirely to the 162-paged statement of facts for an understanding of the facts of the case. But the motion will not be granted, for the reason that it is made for the first time in the brief, when the cause has been submitted on appeal, and that is not the appropriate remedy.

The first error argued is the denial of appellant's motion for judgment on the pleadings.

■ It is argued that the complaint is one for alleged neglect of duty, but that it is readily disclosed by the reading of the complaint that what respondent seeks to recover is an anticipated loss only, based upon

the alleged employment by him of appellant to draw the will, the actual residuary value of the estate not having been finally determined. It is argued, also, that the complaint is defective because it does not allege the date of the death of Karolina Waigel, nor that the will pleaded was her last will and testament; nor the probate of her estate, nor sufficient facts upon which the value of her estate could be determined without speculation; nor the settlement and distribution of the estate, and contained only a mere conclusion as to the value of the property.

No authorities are cited to sustain this contention. It is the ordinary practice, however, where a party desires a complaint to be more definite and certain, or desires a bill of particulars, to make a motion to that effect. Appellant made no such motion in the court below.

Whatever the deficiencies in the complaint may have been, they were amply covered by proofs in the case, and the pleading is to be deemed to be amended to conform to the proof, in the absence of surprise and prejudice, under our unvarying practice.

Appellant next urges that the court erred in overruling the demurrer upon three grounds:

(a) That the complaint did not state facts sufficient to constitute a cause of action.

In the absence of a motion to make more definite and certain, which was not made, the complaint was sufficient to lay the grounds of recovery of some substantial damage and, as aided by the proofs in the case, at any rate, for a recovery within the amount demanded.

(b) That the question of the validity of the contract relied upon by respondent "in addition to undue influence," was raised by the demurrer.

The argument under this head seems to be that un-

due influence on the part of respondent was to be attributed to him in dictating the will of his grandmother, wherein he was named as beneficiary, which would be illegal and against public policy.

The cases cited by appellant upon illegal contracts are not applicable here.

We have had many cases where agreements to bequeath or devise personal and real property to a favored beneficiary have been upheld. There is nothing illegal or against public policy in such contracts. Neither can undue influence on the part of respondent over his grandmother be inferred because of the fact that she felt under obligation to respondent for his long years of assistance and attention to her, a crippled old lady, and desired to compensate him over and above her statutory heirs. He was not one of her statutory heirs who would take without a will. It was her desire to give him one-half of the residue of her estate remaining after the payment of other legacies, debts and expenses, and she attempted to do so. That attempt was thwarted only by the error of appellant in causing respondent to attest the will as a witness.

■ (c) The next ground urged as error in overruling the demurrer is that the action was not commenced within the time limited by law.

Rem. Comp. Stat., § 165, is relied upon, which is to the effect that an action for relief not otherwise provided for, shall be commenced within two years after the cause of action shall have accrued.

In a very early case decided by this court, *Isham v. Parker,* 3 Wash. 755, 29 Pac. 835, a malpractice suit against an attorney, it was held that such actions are based on breach of contract. The cause of action is founded on the breach of duty, not on the consequential damage, and the subsequent accrual or ascertainment

of such damage gives no new cause of action. 37 C. J. 863.

It is a closed question in this state, for we have consistently held that such actions are based on breach of contract and controlled by the statute relating to the breach of a contractual relation, governed by the three-year statute of limitations. *Cornell v. Edsen,* 78 Wash. 662, 139 Pac. 602, 51 L. R. A. (N. S.) 279; *Jones v. Gregory,* 125 Wash. 46, 215 Pac. 63; *Smith v. Berkey,* 134·Wash. 348, 235 Pac. 793.

■ The next error argued is in denying appellant's motion for a directed verdict after the evidence was in.

There is no merit in this contention, for the reason that, while there was a sharp conflict in the evidence of respondent and of appellant, there was abundant competent evidence on behalf of respondent to take the case to the jury. For the same reason there is no merit in appellant's alleged error in denying the motion for judgment *non obstante.*

■ It is contended next that the court erred in permitting testimony over appellant's objection as to the value of the estate when it had not been settled.

No authorities are cited under this contention, either. It is established, however, that the will, under which respondent was to take, was to be, and was drafted as, a nonintervention will. It was so administered by respondent as executor in both Washington and in ancillary probate proceedings in Montana. Under such a will, it is well established that no final decree is necessary in the estate. Respondent furnished competent proof of the total value of the estate received by him as executor in both Washington and Montana, the total claims presented to the estate and paid or which were necessary to be paid, and the net value of the estate remaining. That net value remaining is the value, one-half of which would have been respondent's, had

he been permitted to take under the will. Not being permitted to take under the will, under our statute and our decision in the former case, respondent is entitled to recover the value thereof from the person responsible for its loss through his negligent breach of trust.

■ The next errors argued are in denying witnesses for appellant the right to testify to things said in the presence of appellant and Mrs. Waigel on a certain occasion at her house.

Appellant seems to assume that the rejection of such testimony on the part of the trial court was because of the provisions of Rem. 1927 Sup., § 1211, excluding testimony of a party where the adverse party sues as an executor, etc., as to transactions and statements made by the deceased person represented by such adverse party.

An examination of the record shows that appellant himself was permitted to testify very fully and repeatedly as to his conversations with Mrs. Waigel. When another witness for appellant was testifying, appellant asked him what happened on an afternoon when he and appellant were present with Mrs. Waigel and respondent had left his grandmother to attend to some business for her. The question was objected to as immaterial, incompetent and hearsay, and the objection was sustained. It certainly was not because of the statute referred to that the testimony was excluded, but merely because it did not appear to be material or competent and, apparently, called for hearsay statements. If there was anything material and competent in the evidence sought to be elicited, appellant should have made an offer of proof. *Norman v. Hopper,* 38 Wash. 415, 80 Pac. 551; *Chlopeck v. Chlopeck,* 47 Wash. 256, 91 Pac. 966; *Hightower v. Union Savings & Trust Co.,* 88 Wash. 179, 152 Pac. 1015, Ann. Cas. 1918A 489; *Olive Co. v. Meek,* 91 Wash. 169, 157 Pac. 460.

We cannot see from this record that there was any competent and material testimony excluded in excluding answers to the questions referred to.

The next contention of appellant is that the court erred in refusing to submit the special interrogatories. The matter of submitting, or not submitting, special interrogatories to a jury is a matter which we have always held is entirely within the discretion of the trial court. *Child v. Hill,* 155 Wash. 133, 283 Pac. 1076, and cases cited therein.

Errors are assigned on the refusal of two instructions requested by appellant.

The record discloses that the instructions requested by appellant were given, in substance, so far as material to the issues and correct in law, by the instructions of the trial court.

All of the issues in the case were very carefully and accurately submitted by the trial court to the jury under proper instructions. No exceptions were taken to any of the instructions given by the trial court.

The last contentions of appellant are that the court erred in denying motion for judgment *non obstante* (previously determined herein) or, in the alternative, for a new trial.

In support of the motion for a new trial, the affidavits presented by appellant and by respondent contradicting them are brought here only in the transcript. The order of the trial judge overruling the motion for a judgment *non obstante* or for a new trial makes no reference to the affidavits considered. Under those circumstances, we cannot tell how many, or what other, affidavits may have been presented to the trial court in passing upon the motion. At all events, the affidavits of appellant were contradicted. We cannot presume that the trial court abused its discretion under those circumstances.

Under this error, also, appellant argues that counsel for respondent was guilty of misconduct in his closing argument of the case to the jury. This, also, is unavailing to appellant for the reason that no objections, and no motion of any kind, were then made for the correction of the alleged misconduct.

On a review of the whole record, we are convinced that the verdict and judgment were right.

Affirmed.

MITCHELL, C. J., FULLERTON, and FRENCH, JJ., concur.

MAIN, J., concurs in the result.

[1]Reported in 288 Pac. 236.