[No. 25491. Department One. May 13, 1935.]

D. D. McCoy *et al., Appellants,* v. E. W. Stevens *et al., Respondents.*[1]

*A. E. Rice* and *C. D. Cunningham,* for appellants.
*Gus L. Thacker,* for respondents.

Geraghty, J.—The plaintiffs sued to recover damages for the alleged malpractice of the defendant E. W. Stevens, a physician and surgeon. The suit is against Stevens and his wife, but we shall refer to him as if sole defendant, and to Hazel McCoy as if sole plaintiff.

The plaintiff's amended complaint, so far as it is material here, is as follows:

"That the defendant, E. W. Stevens, now is, and at all times herein mentioned has been, a duly and regularly licensed physician practicing his profession in Lewis County, Washington, authorized to do so under and by virtue of the laws of the state of Washington, and, as a part of his practice and as an instrumentality used in the furtherance of said practice, he used an X-ray machine in furtherance of said practice as a physician and surgeon at all times herein mentioned.

[1]Reported in 44 P. (2d) 797.

''That on or about the 17th day of January, 1928, the plaintiff, Hazel McCoy, went to the defendant, E. W. Stevens, as such physician and surgeon, and he undertook to treat the said Hazel McCoy for the purpose of preventing conception for compensation to be paid, and for that purpose the said defendant, E. W. Stevens, undertook, as such physician and surgeon, to produce the results aforesaid.

''That in the treatment of said plaintiff, Hazel McCoy, the said defendant, E. W. Stevens, failed and neglected to use due or proper skill in endeavoring to secure the results aforesaid, and he attempted to treat her with what is known as 'X-ray Treatments' by the use of a mechanical contrivance known as an X-ray machine which he recommended for the aforesaid purpose then and there owned by said defendants and in use by the said E. W. Stevens, and on or about and between the 17th day of January, 1928, and the 27th day of January, 1928, said defendant, recklessly, carelesly and negligently, by the use of said X-ray machine for the purpose aforesaid, burned the body and person of said plaintiff at a point in the lower front of her abdomen, which said burns penetrated deeply into the flesh and into her internal organs, which said carelessness and negligence upon the part of said defendant in causing said burn was either that he applied the X-ray treatment for too long a period of time or too often, or that the X-ray generated by said machine was too strong or from all of said reasons, all of which was known, or could have been known to the said defendant, and all of which was wholly unknown to the said plaintiff, Hazel McCoy, until the time hereinafter alleged, and said defendant, as such physician and surgeon, relied and knew at all times or, by the exercise of ordinary care and skill could have known of the severity of said burn and of the ultimate effect upon the said plaintiff, but the said defendant wilfully, at all times, concealed the true condition of said plaintiff from her, and when said burn first manifested itself upon her person by a reddening and burning of the skin of the abdomen on or about the 28th day of January, 1928, the said defendant, E. W. Stevens, willfully and knowingly concealed the true condition of said plaintiff from her,

and at all times advised her, as her physician and surgeon, that the redness and burning of the skin as aforesaid was nothing unusual as the result of said treatment that he had given her and that the same would soon pass away, the same being superficial and, not knowing otherwise, said plaintiff believed the statements of said defendant and relied upon them, and said defendant thereafter carelessly and negligently treated said plaintiff's then condition and the burns so carelessly and negligently brought about by himself as aforesaid, and at all times willfully and knowingly concealed from plaintiff her true condition by telling her that said condition would soon pass away, and that said burn was only a surface burn and abrasion of the skin, and said plaintiff relied upon and believed said statements of said defendant as aforesaid.

"That at all times said plaintiff, Hazel McCoy, suffered constant pain rendering her wholly unfit to go about and do her household duties and this condition and the pain she suffered, she was advised by the said defendant, E. W. Stevens, was brought about by nervousness and caused by recent childbirth and not from the X-ray treatment as hereinabove alleged, all of which said statements said plaintiff believed and continued to believe until on or about the 17th day of March, 1932, when said plaintiff first learned of her true condition and she was taken to a hospital in Centralia, Washington, upon the advice and consent of said defendants, where she was treated by other physicians and surgeons and was operated upon for the condition so brought about by the said defendant, E. W. Stevens, as aforesaid, which treatment and operation afforded her some relief but not to the extent of relieving her from the pain and suffering caused by the carelessness and negligence of the said defendant, E. W. Stevens, as aforesaid, and, as a result of which, said plaintiff has been rendered incapable of doing her ordinary work, and her said injuries are permanent."

A demurrer interposed by the defendant was sustained by the trial court, presumably upon the ground that the action was barred by the three-year statute of limitations. The plaintiff declined to plead further,

and judgment was entered dismissing her action. This appeal follows.

We have held in several malpractice cases arising against attorneys that the cause of action is founded upon a breach of duty arising out of a contract, and controlled by the three-year statute. *Isham v. Parker,* 3 Wash. 755, 29 Pac. 835; *Cornell v. Edsen,* 78 Wash. 662, 139 Pac. 602, 51 L. R. A. (N. S.) 279; *Jones v. Gregory,* 125 Wash. 46, 215 Pac. 63; *Smith v. Berkey,* 134 Wash. 348, 235 Pac. 793; *Schirmer v. Nethercutt,* 157 Wash. 172, 288 Pac. 265.

It will be seen from the pleading that the substantial act of malpractice complained of occurred between the 17th and the 27th days of January, 1928, and the action was commenced April 2, 1934, more than six years thereafter. The appellant argues that the statute had not run at the time of the commencement of her action, (1) because of the fraudulent representations made to her by respondent, as alleged in her complaint, and his concealment of her true condition, and (2) because the statute did not begin to run until March, 1932, when, as alleged, respondent's professional services were discontinued.

Upon the first point, we think that *Cornell v. Edsen, supra,* and *Smith v. Berkey, supra,* are controlling. While these cases deal with the malpractice of attorneys, the principle of law announced in them is applicable equally to malpractice actions against physicians. In the *Cornell* case, where it was alleged that an attorney had wrongfully dismissed an action and concealed the fact from his client, it was urged that the concealment tolled the statute of limitations. In disposing of this contention, the court said:

"Appellant seeks to avoid the statute by asserting that the cause of action is based upon fraud, and the statute would not begin to run until after its discovery, founding his argument upon Rem. & Bal. Code, § 159,

subd. 4 (P. C. 81 § 63), providing that actions for relief upon the ground of fraud are barred within three years, but that the cause of action in such case shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. This provision has no application to the case presented, because it is not 'an action for relief upon the ground of fraud.' We have held that this provision 'has reference to suits by parties to contracts who are asking to be relieved from contracts that they were fraudulently induced to make, as where a deed has been fraudulently obtained, and suits of that character where fraud is the substantive cause of the action.' *Wagner v. Law*, 3 Wash. 500, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784. To the same effect is *Morgan v. Morgan*, 10 Wash. 99, 38 Pac. 1054, citing authorities interpreting like statutes. The appellant is not here seeking to relieve himself of the burden of some obligation or liability he was induced to assume or undertake by reason of some fraudulent act on the part of respondent, and which he would not have assumed or undertaken except for such fraudulent act. There is here no prayer addressed to a court of equity for relief because of fraud or misrepresentation. . . .

"All that appellant is here seeking is damages claimed to have been suffered because of the wrongful act of respondent. The action is plainly one based upon a breach of duty growing out of the relation existing between the parties, a contractual relation which calls for a full disclosure; and when, by reason of the failure to make a full and complete disclosure, or the withholding or concealment of facts which should have been disclosed, loss is suffered, there is a breach of duty, and for such breach an action will lie. But like any other action founded upon a breach of duty imposed either by law or contract, the action arises out of the breach, and the statute of limitations begins to run from the time of the breach and not from the time of its discovery. No action lies for speaking an untruth, unless by virtue of the relation between the parties the law imposes the duty of speaking the truth. No action lies for concealment unless the law imposes the duty of disclosure. In this case, the duty is one

growing out of the relation between the parties, and that relation is one based upon contract. The relation, it is true, is fiduciary, but that does not disturb the fact that it is contractual, and that a cause of action based upon the breach of the contract accrues when the contract is violated and not when the violation is discovered.''

We next consider appellant's second contention, that the statute did not begin to run until after respondent discontinued his services in March, 1932.

In *Jones v. Gregory,* 125 Wash. 46, 215 Pac. 63, suit was brought by the plaintiff alleging that she had suffered loss by the negligence of the attorneys. The action was commenced after the three-year period had run, but the attorneys had continued to act for the plaintiff in an effort to correct their original mistake. The plaintiff contended that the statute did not begin to run until the services of the attorneys had ceased. In disposing of this contention, the court said:

''The contention made in appellant's behalf seems to be that in some way the starting of the running of the statute was stayed by the efforts put forth by respondents as counsel for appellant looking to the setting aside of the original decree of distribution and the entering of another decree of distribution awarding to her all of the property of the estate. We are quite at a loss to understand how such action on the part of respondents, or how such subsequent proceedings in court looking to the setting aside of the original decree of distribution, could stay the starting of the three-year statute of limitations. Surely whatever respondents did resulting in damage to appellant occurred not later than the entering of the decree of distribution on December 4, 1918. Manifestly appellant's right of action, if any she ever had, accrued not later than that date. Every act of respondents which could possibly have resulted in the damage claimed to have been suffered by appellant was committed before or upon that date.''

We have here in the allegations of the complaint a state of facts very much like that in *Jones v. Gregory*. There, the attorneys, after making their mistake, endeavored to correct it; here, after the act of malpractice, the respondent continued to treat the appellant in an effort to alleviate and correct his first error. While many words are used in the complaint, the gravamen of the action—the grievance complained of—is respondent's malpractice in the performance of the service for which he was originally employed. It would be trifling with the facts to say that this action was brought not for the original injury, but for respondent's subsequent failure to correct the original wrong. Neither the substantive allegations of the complaint nor the prayer for relief bear such construction.

Appellant cites numerous authorities to sustain her position, but they relate generally to cases where the physician's employment had relation to an existing injury or malady which the physician was called in to treat. In the instant case, the respondent's original employment by appellant was not to cure the X-ray burn, but to prevent conception. Respondent's breach of duty to appellant consisted in the negligent manner of his treatment to effect this purpose, and this is the wrong for which the appellant sues and seeks recovery.

We conclude that the trial court correctly sustained the demurrer, and the judgment of dismissal will be affirmed.

MILLARD, C. J., MAIN, TOLMAN, and BEALS, JJ., concur.