Victor M. HUNGERFORD, Jr., Plaintiff,

v.

UNITED STATES of America, Does One through Twenty, inclusive, Defendants.

Civ. No. 8122.

United States District Court N. D. California, N. D.

Feb. 14, 1961.

Supplemental Opinion April 18, 1961.

Belli, Ashe and Gerry, San Francisco, Cal., for plaintiff.

Laurence E. Dayton, U. S. Atty. and Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for defendants.

HALBERT, District Judge.

■ Plaintiff brought this action against the United States and twenty fictitious defendants. The United States has filed a motion to dismiss the complaint for lack of jurisdiction, and for failure to state a cause of action (Federal Rules of Civil Procedure, Rule 12(b), 28 U.S.C.A.). The United States has also filed a motion to strike certain portions of plaintiff's complaint. In view of the conclusion reached on the motion to dismiss, the motion to strike becomes moot.

According to the allegations of his complaint, plaintiff was injured in combat while serving in the United States Army in Korea in 1950. Thereafter he suffered several blackouts. He was repeatedly hospitalized in service hospitals. He was there told that his problems were psychiatric and psychosomatic, and not physically caused by organic injuries. He went AWOL in 1953, and was thereafter dishonorably discharged. In 1956, he was committed to a State hospital at Steilacoom, Washington. There he was told that he had no organic damage, but was psychotic. In 1957, he was admitted to Beacon Hill Veterans Administration Hospital, Seattle, Washington, where he was told that his problems were mental, not organic.[1] He then drifted through Oregon and California, suffering, drinking, and forging checks. He was arrested; committed to California State Hospitals at Atascadero and Camarillo; and ultimately released from each of these hospitals. Finally, he was convicted of forgery, and committed to the California Medical Facility at Vacaville, California. There it was discovered for the first time that there was organic injury to his brain, and that such injury was of traumatic origin. This was treated, and plaintiff was released on parole. He instituted this action on July 11, 1960 by filing his complaint. The action is instituted under the asserted authority of the Federal Tort Claims Act (Title 28 U. S.C. § 1346(b)).

■ Plaintiff resides within this Division of the Northern District of California, and therefore the action is properly brought in this Court insofar as venue is concerned (Title 28 U.S.C. § 1402).

■ No independent ground for the jurisdiction of this Court over the fictitious defendants has been pleaded. Such being the case, the complaint must be dismissed as to such fictitious defendants (Benbow v. Wolf, 9 Cir., 217 F.2d 203).

■ It is conceded that plaintiff may not recover under the Federal Tort Claims Act for injuries suffered in com-

1. It is alleged that defendants negligently examined, diagnosed, advised and treated plaintiff; negligently failed to examine, diagnose, advise and treat him; and represented to him that he was suffering from no organic injury, but that his troubles were solely mental.

bat, or for injuries negligently inflicted upon him while he was a soldier in an Army hospital (Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152). The United States (hereinafter referred to as the defendant) contends that the rule in the Feres case should apply to any cause of action for negligence that might have arisen during plaintiff's stay in the Beacon Hill Hospital, while he was a dishonorably discharged veteran. Such is not the law. Where a veteran's service injury was allegedly aggravated by negligence of employees in a veteran's hospital, jurisdiction does exist under the Federal Tort Claims Act (United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139). Although the alleged negligent conduct in the instant case caused, not an aggravation, but merely an unnecessary continuation of plaintiff's combat injury, the *ratio decidendi* of United States v. Brown, supra, applies to the instant case.

Notwithstanding the fact that plaintiff's initial injury arose out of the combatant activities of the Army in Korea in time of war, the *claim* sought to be presented by the instant case arose from the alleged activities of the hospital personnel in time of peace. The exceptions set forth in subsections (j) and (k) of § 2680, Title 28 U.S.C., do not apply to the instant case, insofar as it is based upon asserted negligence in the Beacon Hill Hospital (United States v. Brown, supra).

 However, the exception set forth in subsection (h) of § 2680, Title 28 U.S.C., that is, misrepresentation,

*does* apply to the instant case (Clark v. United States, 9 Cir., 218 F.2d 446). Assuming *arguendo* that the doctors told plaintiff that he suffered from no organic injury, and that their statement thus made was based upon their negligent examination of him, they were guilty of nothing more than a negligent misrepresentation. Such a negligent misrepresentation would fall within the scope of the exception of subsection (h) of § 2680, Title 28 U.S.C. (Clark v. United States, supra; United States v. Van Meter, D.C., 149 F.Supp. 493; Anglo-American Corp. v. United States, 2 Cir., 242 F.2d 236; Hall v. United States, 10 Cir., 274 F.2d 69).[2] It is from the misrepresentation that plaintiff suffered his alleged injuries. The doctors are alleged to have negligently examined him and diagnosed his case, and failed to examine him and diagnose his case. Viewing plaintiff's allegations in the light most favorable to him, the most that can be said is that the doctors committed an act of omission. They themselves did nothing to injure plaintiff. They simply gave him bad advice, that is, they misrepresented the facts to him. If the doctors had told him that he was suffering from a brain injury arising from traumatic causes, he could have had an operation then. Since they told him the opposite, he did not. The doctors did not perform brain surgery on plaintiff, because neither he, nor they, knew that he needed it. They had no right nor duty to open his skull unless he asked them to do so, after considering the facts and probabilities of the situation. He did not ask them to do so because of their

---

2. A statement made, in the honest belief that it is true, is a negligent misrepresentation where that belief is based upon a negligent investigation or failure to investigate the facts (See Clark v. United States, supra; Anglo-American Corp. v. United States, supra; Hall v. United States, supra).

Although Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 and United States v. Reid, 5 Cir., 251 F.2d 691, appear to involve negligent misrepresentation, the application of § 2680(h) was not considered in

either of these cases. The factual application of the exception was doubtful in Indian Towing Co. v. United States, supra. United States v. Reid, supra, although entitled to respectful consideration, is not binding on this Court. This Court considers itself still bound by the holding in Clark v. United States, supra, that negligent misrepresentation is not within the Tort Claims Act. This Court concludes that the Indian Towing Co. decision did not purport to or intend to overrule the Clark case.

*misrepresentation.* Where it is the *misrepresentation* that causes the damage, the cause of action may not be based on the negligent testing that led to negligent misrepresentation, so as to avoid the statutory exception (Hall v. United States, supra; and Anglo-American Corp. v. United States, supra).

■ This Court is further of the view that there is a second patent reason why plaintiff's complaint must be dismissed. An examination of the record shows clearly that the period of limitations of two years, provided by Title 28 U.S.C. § 2401(b), has run against any cause of action which plaintiff might conceivably have against the defendant, United States of America.

The only question to be answered in regard to the issue of the statute of limitations is: When did the statute begin to run? Was it when the doctors told plaintiff he had no organic injury; when plaintiff discovered that he *had* such an injury; or at some indeterminate intermediate time?

■ State law governs the time when such a claim accrues. That date is the date when Federal law directs that the statute shall start running (Bizer v. United States, D.C., 124 F.Supp. 949; Tessier v. United States, 1 Cir., 269 F.2d 305). In this case the laws of the State of Washington relating to the statute of limitations govern. Under the laws of the State of Washington, a patient would have a cause of action at once against a private physician who opened his skull, took out a cystic lesion, etc., and negligently left a sponge in his skull (See: Lindquist v. Mullen, 45 Wash.2d 675, 277 P.2d 724). Although the injury might be slight at first, the cause of action would accrue at the time of the negligent act. Similarly, it would accrue at once if, in the course of the operation, the physician negligently failed to remove from the patient's skull a bone splinter which was already there. By the same token, if the wrongful act of the physician in failing to advise the patient that he should have an operation to remove some such fragment caused him an injury, though slight, the State of Washington would allow the patient an immediate cause of action (See: Lindquist v. Mullen, supra).

■ The principal purpose of a statute of limitations is to protect defendants against stale and unjust claims, which they could easily have refuted when the recollection of the events upon which the claims are based was fresh in the minds of the witnesses, but against which they cannot properly defend themselves when the witnesses have forgotten about the events. To effectuate this purpose completely, the statute must run from the time of the event, not from the time when the plaintiff asserts he discovered the alleged negligence. If the situation were otherwise, a plaintiff with a fraudulent claim could always defeat the statute of limitations by merely adding another fraudulent element to his story, that is, by saying that he has just discovered the injury.

Some statutes of limitations have an exception for a plaintiff who is under a disability when the injury occurs, but Title 28 U.S.C. § 2401(b) makes no such exception (United States v. Glenn, 9 Cir., 231 F.2d 884). Some statutes make an exception for a plaintiff who has not discovered the injury, but the Federal statute makes none (Tessier v. United States, 1 Cir., 269 F.2d 305).[3]

It is, therefore, ordered that defendant's motion to dismiss be, and the same is, hereby granted. Plaintiff's complaint, and the cause of action sought to be stated therein, is hereby dismissed.

3. United States v. Reid, supra, involves a consideration of Georgia law on this point. Whatever the soundness of that decision as to the Georgia law, it does not state the law of Washington (see Lindquist v. Mullen, supra). Furthermore, it does not purport to lay down a Federal rule that the statute runs from the time of the discovery. It merely holds that, in the circumstances of that case, a finding that Georgia law would give no cause of action to Reid until some indeterminate time after November 28, 1949 was permissible.

## Supplemental Memorandum

Plaintiff has filed a motion to amend the findings of fact and conclusions of law in this case, and to amend the judgment. There were no findings of fact in this case. Defendant's motion to dismiss plaintiff's complaint was granted upon the basis of the pleadings. There were no factual allegations in the complaint which would show that defendant gave plaintiff negligent *treatment*. The factual allegations in plaintiff's complaint were to the effect that defendant, by and through its doctors, negligently examined plaintiff and diagnosed his condition, and as a result plaintiff was negligently advised concerning his condition. By reason of this negligent advice, plaintiff did not obtain proper treatment.

Plaintiff urges that where a negligent examination of the plaintiff is given, and as a result he is negligently advised by his doctors, he can recover his damages under the Federal Tort Claims Act for the negligent examination, and thus evade the exception of negligent misrepresentation. Plaintiff seeks to support this argument with United States v. Neustadt, 281 F.2d 596, a decision of the United States Court of Appeals for the Fourth Circuit. In that case, a Government official negligently appraised a house, and as a result he negligently informed the plaintiffs that the house was worth a certain amount. The Court held in that case that the plaintiff could collect for the damage caused by the negligent acts of appraisal, which was interpreted to be the loss resulting from plaintiffs' reliance upon the appraisal report.

The ruling in United States v. Neustadt, supra, is contrary to the ruling by the Court of Appeals for the Ninth Circuit in Clark v. United States, 218 F.2d 446. This Court is bound by the decision of the Court of Appeals of this Circuit in this latter case.

Plaintiff's attempt to distinguish Clark v. United States, supra, from the instant case, cannot succeed. In the Clark case, the plaintiff contended that the Housing Authority of Portland (H.A.P.) was an agent of the United States which had negligently issued assurances of safety from an impending flood. These assurances were based upon allegedly negligent inspections [1] of an embankment (which later gave way) by agents of H.A.P., the Army Engineers, and others. H.A.P. owed no duty to inspect the embankment. A private party having undertaken a voluntary inspection, such as that undertaken by H.A.P., could have been held liable under Oregon State law for a negligent assurance of safety, but such was held not to be the case insofar as H.A.P. was concerned.[2] The Court of Appeals in the Clark case clearly stated that if plaintiff's charges showed negligence, it would be negligent misrepresentation at the most, and, as such, would be within the exclusion of Title 28 U.S.C. § 2680(h). The rule here controlling is that where a misrepresentation is based upon a gratuitous, but nonetheless negligent, inspection, one may not, under the Federal Tort Claims Act, found a claim upon the negligent inspection, so as to avoid the statutory exception of negligent misrepresentation.

The case of Otness v. United States, D.C., 178 F.Supp. 647, is also cited by plaintiff. This latter case is clearly distinguishable from the instant case on its facts. In the Otness case, the Government had maintained a structure near a channel as a navigational aid. The structure was swept away by some unknown force, and thereby turned into a hidden menace to navigation. The Gov-

---

1. "Appellants point to evidence in the record which they claim demonstrates that the embankment which failed was not in fact properly patrolled and inspected." Clark v. United States, supra [218 F.2d 450].

2. If H.A.P. had had a duty to inspect and *maintain* the embankment, there could, of course, have been liability for a negligent performance of that duty. The negligent misrepresentations would have been irrelevant to the consideration of such liability.

ernment conducted a negligent search for this object. The Government thus made an inadequate attempt to perform its duty to find and render harmless the structure. A Government bulletin was published in which it was reported that the structure had been destroyed and was not a menace to navigation. Liability of the Government to the owner of a vessel destroyed by the derelict structure was found, but solely upon the basis of the failure of the Government to fulfill its positive duty to find and render harmless the structure which it had maintained. Judge Kelly expressly declined to permit the plaintiff to recover upon the basis of his reliance upon the bulletin and the negligent misrepresentation therein contained. See: 178 F.Supp. at page 652.

In the Otness case, state law imposed two duties upon a private person, who might be in the situation in which the Government found itself. One was to make a reasonable effort to find and destroy, or remove from the channel, the hidden menace which had come there through the Government's agency. The second duty was to refrain from negligently misrepresenting that an unsafe channel was in fact safe. No recovery against the Government was allowed upon the basis of this second duty. No recovery was allowed against the Government on the premise that the Government owed a duty to search carefully, so that the bulletin could be soundly based upon a reasonable search. Recovery *was* allowed, however, upon the basis of the first duty, which had nothing to do with the bulletin.

In this case, the Government doctors owed plaintiff no duty to make a careful examination of him, independent of the duty to make a non-negligent diagnosis. The purpose of the examination was the diagnosis. Any negligence charged by plaintiff constituted no more than negligent misrepresentation. There is, therefore, no reason for a modification of the previous order insofar as the point now sought to be made by plaintiff is concerned.

By way of conclusion, it must be noted that even if the Court accepted plaintiff's views concerning the law set forth in United States v. Neustadt, supra, and Clark v. United States, supra, it would avail plaintiff nothing insofar as the previous order is concerned, for it is patent that the statute of limitations has run against the claim which plaintiff seeks to assert in this case.

It is, therefore, ordered that plaintiff's motion be, and the same is, hereby denied.