Lee QUINTON

v.

UNITED STATES of America.

Civ. No. 8574.

United States District Court
N. D. Texas,
Dallas Division.

Aug. 18, 1961.

Edward B. Winn and James A. Stockard, Lane, Savage, Counts & Winn, Dallas, Tex., for plaintiff.

W. B. West, III, U. S. Atty., Fort Worth, Tex., W. E. Smith, Asst. U. S. Atty., Dallas, Tex., for the government.

DAVIDSON, District Judge.

In the cause before us, the United States of America as defendant presents a motion under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S. C. to dismiss for want of jurisdiction the complaint of Lee Quinton, individually and in behalf of his wife, Marlene Quinton.

The complaint alleges jurisdiction of a cause of action under the Federal Tort Claims Act, Title 28, Section 1346(b) United States Code:

> "* * * The District Court * * * shall have exclusive jurisdiction of civil actions on claims against the United States * * * (for) personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances were the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Prior to the passage of the Federal Tort Claims Act, there was no judicial remedy available to persons tortiously injured at government hands. The government, shielded by sovereign immunity, could not be sued without its consent. Recognizing the need for private tort remedies, Congress waived its sovereign immunity by passing the Federal Tort Claims Act. Consent to sue the government was given in certain instances where the Act was strictly followed.

The plaintiff in seeking recovery under the Act charges that the defendant, through its agents, servants or employees at Larson Air Force Base in Washington, negligently administered wrong type blood in transfusions given his wife. At the time of the alleged negligent act, plaintiff was in the Air Force stationed at Larson and his wife was under base hospital care. Three transfusions were given the wife on May 17, 1956 in the course of her treatment. Unknown to plaintiff or his wife, the blood injected was RH Positive while the wife's correct blood type was RH Negative. Since no injury was manifested after the transfusions, the plaintiff and his wife remained unaware of the presence of the mixed blood until June 1959 during the wife's recent pregnancy. As a result of the wrongful transfusions, the wife gave birth to a stillborn child on December 17, 1959 and cannot safely bear other children without, in all probability, their being stillborn, blind, or mentally defective. Plaintiff filed this complaint August 29, 1960.

The basis of the government's motion to dismiss is the statute of limitations found in Title 28, Section 2401(b), United States Code which provides that:

> "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence * * *."

■ The courts, interpreting § 2401 (b), have concluded that the two-year statute of limitations is jurisdictional, not merely a bar to recovery. Slater v. Keleket X-Ray Corp. (D.C.D.C., 1959), 172 F.Supp. 715; DeBonis v. United States (D.C.Pa., 1952), 103 F.Supp. 119. Under this construction, plaintiff no longer has a right to sue the government in tort two years after his claim accrues. The court's jurisdiction is lost the moment limitation has run. Here four years elapsed between the date of the alleged negligent transfusions on May 17, 1956 and the filing of this complaint on August 29, 1960. The government contends that the claim accrued when the transfusions were given. Since suit was not filed within two years after the claim accrued, they reason that this court is without jurisdiction. Plaintiff argues that suit was timely filed since the claim did not accrue until June of 1959 when he gained knowledge of defendant's negligent act.

The issue controlling the disposition of defendant's motion to dismiss is whether the cause of action accrued when the transfusions were given on May 17, 1956 or when the plaintiff discovered the presence of bad blood in June 1959.

■ The Federal courts in applying the Federal Tort Claims Act have uniformly held that the question of when a claim accrues is controlled by the law of the place where the act or omission occurred, as such local law would be applied to private persons similarly situated. Tessier v. United States (1st Cir., 1959), 269 F.2d 305; United States v. Reid (5th Cir., 1958), 251 F.2d 691. Here the alleged negligent act occurred in the State of Washington. This court is not free to change what may seem an unjust result under local law. Washington law, as it is, must be found and applied.

■ Our determination of when the claim accrued is governed by the Washington Supreme Court's pronouncement of the law in Lindquist v. Mullen (1954), 45 Wash.2d 675, 277 P.2d 724. In that case, under controlling facts analogous to the case before us, a sponge, undiscovered until March 8, 1953, was left in plaintiff after a gall bladder and hernia operation on February 1, 1946. Plaintiff filed suit July 9, 1953. The court's opinion cited with approval the majority rule that a cause of action accrues at the time of the wrongful act causing injury, as previously relied on in the Washington cases of Cornell v. Edsen, 78 Wash. 662, 139 P. 602, 51 L.R.A.,N.S., 279; Jones v. Gregory, 125 Wash. 46, 215 P. 63; Smith v. Berkey, 134 Wash. 348, 235 P. 793; and McCoy v. Stevens, 182 Wash. 55, 44 P.2d 797. Facing the particular problem that plaintiff was for seven years unaware of the negligent act, the established Washington rule was still applied. The court held that the accrual of claims is not dependent on the discovery of negligence. Even though the fault element in not quickly instituting suit was absent in this undiscovered negligence case, Washington's three-year statute of limitations, embodying a policy against stale claims, barred plaintiff's claim. Notice of injury is not necessary for a tort claim to accrue. The law as construed in the Lindquist case was recently cited and followed by another U. S. District Court in Hungerford v. United States (D.C.Cal., 1961), 192 F.Supp. 581.

In our jurisdiction, the Texas courts have likewise followed the majority rule that tort claims accrue when the wrongful act occurs, not when negligence is discovered. Carrell et al. v. Denton (1942), 138 Tex. 145, 157 S.W.2d 878; City of Vernon v. Low, Tex.Civ.App. (1942), 158 S.W.2d 857.

■ Plaintiff argues as controlling the continuing negligence theory of Theuren v. Condon, 34 Wash.2d 448, 209 P.2d 311. In that case, the negligent installation of an oil burner caused a fire when seven years later the oil tank was filled while the stove was hot. The Washington court reasoned that since there was no injury coincident with the negligent act the cause of action did not accrue until the fire ultimately caused injury. Before a cause of action can accrue there must be a complete wrong; i. e., an act breaching some duty owed the plaintiff and injury resulting therefrom. The Theuren case correctly dealt with the situation where no injury accompanied the negligent act but does not apply to the case before us. Marlene Quinton suffered immediate injury. She lost her ability to bear healthy children the moment the transfusions were given. The Washington court in Lindquist v. Mullen answering the continuing negligence argument ruled that the Theuren case was inapplicable in cases, like the one before us, where there is immediate injury. Where immediate injury is present, there is no doubt that Lindquist v. Mullen presents the Washington rule on when a claim accrues.

■ Arguing further, plaintiff correctly states the procedural point that this motion to dismiss must be denied unless it affirmatively appears from the face of the complaint that the claim was not instituted within the statutory period.

Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd. (9th Cir., 1950), 185 F.2d 196, cert. den., 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680, rehearing den., 341 U.S. 912, 71 S.Ct. 620, 95 L.Ed. 1349. On a motion to dismiss, recognizing that the pleadings are to be construed most favorably to plaintiff, the rule is followed that all well plead facts must be accepted as true. Asher v. Ruppa (7th Cir., 1949), 173 F.2d 10. Plaintiff therefore contends that for purposes of this motion we are bound by his allegation that, "The first injury or damage sustained by plaintiff's wife because of said transfusions occurred during the time of her pregnancy in 1959." Under this construction, since injury is necessary for the accrual of claims, the statute of limitations did not begin to run until 1959; accordingly, suit was timely filed. While inferences and deductions in favor of the pleader are allowed, we are not required to accept as true an unreasonable conclusion of fact. Plaintiff's tenuous conclusion as to when injury, in fact, first occurred is unreasonable since it disregards the plain import of facts properly plead. The complaint clearly and affirmatively shows the negligent transfusions of wrong type blood on May 17, 1956, the continuing presence of this blood within Marlene Quinton's body since the time of the negligent transfusions, and Marlene Quinton's incapacity to bear healthy children because of the presence of this mixed blood condition. Accepting the facts pleaded as true, Marlene Quinton's injury existed the moment the wrong type blood entered her veins since her capacity to bear healthy children was at that time lost. The complaint then shows on its face facts sufficient to support defendant's motion to dismiss.

This court, following the Lindquist case, finds as a matter of Washington law that the claim accrued when the transfusions were given on May 17, 1956. Since suit was not filed until June of 1959, the two-year statute of limitations has run. Defendant's motion to dismiss for want of jurisdiction is therefore granted.