## WHITE v. HIRSHFIELD.

No. 14608—Opinion Filed May 12, 1925.

### (Syllabus.)

**Limitation of Actions—Action Against Surgeon for Malpractice.**

In an action for damages brought by a patient against a physician and surgeon for performing an unnecessary operation upon the plaintiff, and such operation being without the consent of the plaintiff, the plaintiff may waive the right of action for technical assault and battery and bring an action for injury to his person by reason of such acts constituting malpractice and a violation of duty as between the physician and the patient, and in such case the statute of limitation which fixes two years as the time in which action for injury to a person may be brought is applicable, and not the limitation of one year fixed by the statute in actions for assault and battery.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Adabelle White against Albert C. Hirshfield. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

A. J. Taft and W. J. Davidson, for plaintiff in error.

Ross & Thurman and Samuel J. Clay, for defendant in error.

LESTER, J. The parties appear here as in the court below. The plaintiff, on the 26th day of November, 1921, filed her petition against the defendant in the district court of Oklahoma county. She alleged that the defendant was a skilled physician and that he was employed by her husband for compensation to professionally attend the plaintiff, who was then about to be de-livered of her first child. That the defendant entered upon such employment, but did not use proper care and skill in treating the plaintiff; that the defendant informed the plaintiff that it was necessary to perform an operation upon her known as the Caesarean section. Plaintiff further alleged that, acting upon the representation of the defendant as to the necessity of such operation. she gave her consent therefor, but withheld her consent that an operation be performed upon her by the defendant at the same time by which she was to be made sterile by the tying or removal of her Fallopian tubes, the same being part of her congenital organs; and that thereafter, on the 28th day of November. 1919, the said defendant delivered plaintiff of child by said operation known as the Caesarean section, and also performed upon her an operation by tying and removing her Fallopian tubes, whereby she became barren.

Plaintiff claims that the removal or tying of her Fallopian tubes by the defendant, whereby plaintiff was caused to be barren, was also unnecessary and unjustifiable by the exercise of due skill upon the part of defendant.

Defendant filed an answer in which he denied each and every allegation of the failure of defendant to use proper skill and care, and alleged that the plaintiff was greatly benefited by reason of his services, and that she sustained no damage by reason of his services.

The cause was tried to a jury, a verdict was rendered thereon in favor of the defendant, and the plaintiff thereafter filed a motion for new trial. which was overruled, and from the judgment rendered in the district court, the plaintiff prosecutes this appeal.

The plaintiff urges as the only assignment of error, instruction No. 8, which the court submitted to the jury, said instruction being as follows:

"8. If you shall find from the evidence facts and circumstances disclosed upon the the trial that the tying of plaintiff's Fallopian tubes was not done by the defendant as an incident to or in connection with and for the purpose of performing the Caesarean operation, but was entirely independent of that operation and was done for the purpose of preventing conception by the plaintiff, and you do not further find from such evidence, facts and circumstances that plaintiff authorized or consented to the tying off of said tubes and the resulting sterilization, the plaintiff could not recover in this action for such particular operation, for the reason that the cause of action therefor, if

any existed. was barred by the statute of limitations of this state prior to the commencement of this action."

Plaintiff insists that paragraph 3, sec. 185, Comp. St. 1921, which in part reads as follows, is applicable to the plaintiff's cause of action:

"Within two years; * * * An action for injury to the rights of another, not arising on contract, and not hereinafter enumerated. * * *"

Defendant claims that paragraph 4 of said section is applicable to plaintiff's cause of action, which said paragraph in part reads as follows:

"Within one year; An action on a foreign judgment; an action for libel, slander, assault, battery, malicious prosecution," etc.

The question presents itself squarely to this court: Was such an act solely an assault and battery upon the person of the plaintiff, and if true, did the statute of limitation as applied to the acts for assault and battery apply only?

Our attention has been called to the case of Rolater v. Strain, 39 Okla. 572, 137 Pac. 96. In this case it appears that plaintiff did not claim that the operation was unskillfully performed, but that the physician and surgeon had agreed prior to the operation that he would not remove any bones from the foot, and that the removal of the sesamoid bone was without authority or consent of the patient and constituted a trespass on her person, and a technical assault and battery upon her. The court on appeal sustained this theory and affirmed the case.

Plaintiff contends for the theory that the operation upon said Fallopian tubes without her consent was a violation of his duty to her as her physician, and of her right to the inviolability of her person, and that therefore the time limit governed by paragraph 3 of section 185, supra, is applicable to her cause of action, and in support thereof cites the case of Ericson v. Charles, 108 Kan. 205. 194 Pac. 652. The action in this case was based upon a contract with the physician to perform a certain operation and being for obstruction of the bowels and not to operate on any other portion of the body, and also upon the violation of the duty of the defendant as a surgeon in removing her appendix without her consent, when it was in a healthy condition, and in stitching the uterus to the wall of the abdomen contrary to the custom and practice followed by good surgeons, and failure to make the bowel operation successful. The court sustained

a demurrer to the second count on the ground that the action was brought more than two years after the operation was performed and was barred by the provision of the statute which is the same as paragraph 3 of section 185, Comp. St. 1921, and on the theory that this count sounded in tort and consisted in the violation of the surgeon's duty to preserve inviolate the person of the patient beyond her consent. The plaintiff contended for the three-years statute of limitations, but the court ruled that the two-year limitation applied, and the court sustained this contention. This case being similar to the one we are considering, and the statute of Oklahoma being identical with the Kansas statute, the reasoning on this point in the Kansas court is persuasive.

The first paragraph of the syllabus in the case of Ericson v. Charles, supra, is as follows:

"An action for malpractice in which it is alleged in substance that the defendant, in disregard of his obligations as a surgeon, performed an operation upon the plaintiff in a negligent manner, and not in accordance with the custom and practice followed by good, reputable, and ordinarily prudent surgeons, with a result that she suffered great pain and injury for which she asked damages, is one arising on tort, and not on contract, and the statutory limit of two years applies to such action."

As will be observed the plaintiff in the instant case alleges that the removal or tying of her Fallopian tubes by the defendant was unnecessary and unjustifiable by the exercise of due skill on the part of the defendant. We are of the opinion that, where a patient is under the care, treatment, and control of a physician, and an unnecessary operation is performed without the consent of such patient, the elements of technical assault and battery include malpractice and a violated duty upon the part of the physician to his patient, and where an injury results to the patient, that such patient may waive the action for technical assault and battery and rely for his right to recover damages by reason of the wrongful and unskillful acts of the physician, which constitute a violated duty upon his part. It would be unreasonable to say that, because the act on the part of the physician in performing an unnecessary operation was without the consent of the patient, the elements of malpractice, wrongful acts, and a violated duty were not present and concurrent by reason of the acts of such physician, and while it may be true that such acts may constitute technical assault and

battery, yet the injured patient may waive his right to proceed in an action for assault and battery and bring an action for the wrongful and unskillful acts of the physician, such acts constituting a violated duty upon the part of the physician and the consequent injury to the patient, and in such case we hold that paragraph 4, sec. 185, Comp. St. 1921, is applicable as pertaining to the limitation of time in which said action may be brought.

We therefore hold that the court in submitting instruction No. 8 to the jury committed prejudicial error. The judgment of the district court is reversed, and the same remanded for proceedings not inconsistent herewith.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 37 C. J. p. 774.