[No. 28082.   Department One.   March 17, 1941.]

PHYSICIANS' AND DENTISTS' BUSINESS BUREAU, *Plaintiff,* v. GERTRUDE DRAY, *Appellant,* W. WELDON PASCOE, *Respondent.*[1]

[1]Reported in 111 P. (2d) 568.

39

*Smith & Matthews, Beverly S. Wilkerson,* and *John D. Cochran,* for appellant.

*Horace G. Geer* and *Hayden, Metzger & Blair,* for respondent.

BLAKE, J.—This case was started by plaintiff upon an assigned account to recover three hundred and nine dollars from defendant on account of medical services rendered her by Dr. W. W. Pascoe. Dr. Pascoe was brought in as an additional party at the instance of the defendant, who filed a cross-complaint against him for damages. She alleged that she had consulted him as a physician; that, after an examination, he advised her to go to a hospital for a laboratory test; that she was placed upon an operating table and given an anesthetic; that, while she was under the influence of the anesthetic, the doctor performed "an operation

upon her against her will and without her consent, in which he removed her uterus."

The operation was performed in March, 1936. The cross-complaint was filed December 1, 1938. A demurrer was interposed, and sustained, to the cross-complaint on the ground that the statute of limitations had run against the cause of action. An amended cross-complaint was filed, to which a demurrer was also interposed and sustained. The complainant failing to plead further, a judgment of dismissal was entered, from which she appeals.

■ The demurrers were sustained on the theory that the cause of action stated was for assault and battery, and, therefore, was barred by the two-year statute of limitations which is applicable to such actions. Rem. Rev. Stat., § 160 [P. C. § 8168]. That an unauthorized operation constitutes an assault and battery, may be conceded. We believe that it is universally so recognized by the authorities. 6 C. J. S. 801, § 8; 21 R. C. L. 392, § 37; 4 Am. Jur. 175, § 88.

■ While an unauthorized operation is, in contemplation of law, an assault and battery, it also amounts to malpractice, even though negligence is not charged. Herzog, Medical Jurisprudence, 153, § 180, defines malpractice as follows:

"Malpractice, also sometimes called 'malapraxis,' means bad or unskillful practice, resulting in injury to the patient, *and comprises all acts and omissions of a physician or surgeon as such to a patient as such, which may make the physician or surgeon either civilly or criminally liable.*" (Italics ours.)

See, also, *Ericson v. Charles,* 108 Kan. 205, 194 Pac. 652. (In passing, we may say that two cases have been cited which hold negligence to be an essential element of malpractice: *Sandlin v. Birmingham,* 24 Ala. App. 462, 136 So. 481; *Kolber v. Frankenthal,* 159

Ill. App. 382. In our view, the decisions are not of authoritative import in the light of cases hereinafter cited; furthermore, the decisions are not from courts of last resort.)

■■ It is stated as a general rule that, in the absence of a special statute of limitations, such actions are controlled "by the limitations applicable to actions for damages generally." 48 C. J. 1138, § 147. See, also, Herzog, Medical Jurisprudence, 173, § 195, and Annotation 74 A. L. R. 1256.

Courts which have recognized an unauthorized operation as an assault and battery (*Mohr v. Williams,* 95 Minn. 261, 104 N. W. 12, 111 Am. St. 462, 1 L. R. A. (N. S.) 439; *Throne v. Wandell,* 176 Wis. 97, 186 N. W. 146; *Rolater v. Strain,* 39 Okla. 572, 137 Pac. 96, 50 L. R. A. (N. S.) 880) have applied the rule just stated, holding that, in contemplation of the statute of limitations, such an operation amounts to malpractice, the cause of action for which is subject to the statute of limitations applying generally to actions for damages to the person. *Burke v. Maryland,* 149 Minn. 481, 184 N. W. 32; *Klingbeil v. Saucerman,* 165 Wis. 60, 160 N. W. 1051, 1 A. L. R. 1311; *White v. Hirshfield,* 108 Okla. 263, 236 Pac. 406.

In the following cases, it is also held that the statute of limitations relating to actions for assault and battery is not applicable to actions for damages resulting from unauthorized operations: *McClees v. Cohen,* 158 Md. 60, 148 Atl. 124; *Francis v. Brooks,* 24 Ohio App. 136, 156 N. E. 609.

The foregoing authorities apply a well-recognized rule:

"Where plaintiff has several remedies for the same cause of action, the fact that one or more of his remedies have become barred will not affect his right to any of the others which are not barred." 1 Wood on

Limitations (4th ed.), 202, § 57b. *White v. Hirshfield, supra.*

Now, in the light of this rule and the above-cited decisions, we think that the cross-complaint and the amended cross-complaint stated a cause of action for damages " . . . for . . . injury to the person . . . ." in contemplation of Rem. Rev. Stat., § 159, [P. C. § 8166], subd. 2. *Klingbeil v. Saucerman, supra*; *White v. Hirshfield, supra.* The limitation prescribed by that section being three years, the action was not barred when the original cross-complaint was filed.

▇▇ Nor was the cause of action stated in the amended cross-complaint barred although it was filed more than three years subsequent to the operation. While it is apparent that an attempt was made in the later complaint to set up a cause of action *ex contractu,* the cause stated still sounded in tort. *Mueller v. Winston Bros. Co.,* 165 Wash. 130, 4 P. (2d) 854; *Mc-Donald v. Camas Prairie R. Co.,* 180 Wash. 555, 38 P. (2d) 515; *Compton v. Evans,* 200 Wash. 125, 93 P. (2d) 341; *Bush v. Quinault School Dist. No. 97,* 1 Wn. (2d) 28, 95 P. (2d) 33.

No new cause of action having been set up, the statute of limitations does not bar the action even though the amended cross-complaint was filed more than three years subsequent to the time the cause of action arose. *Richardson v. Carbon Hill Coal Co.,* 18 Wash. 368, 51 Pac. 402, 1046; *Guaranty Trust Co. v. Yakima First Nat. Bank,* 179 Wash. 615, 38 P. (2d) 384.

The judgment is reversed, and the cause is remanded with direction to overrule the demurrer.

ROBINSON, C. J., MAIN, STEINERT, and DRIVER, JJ., concur.