[No. 28091. Department One. May 1, 1941.]

E. A. EASTON, *Appellant,* v. STEPHEN E. CHAFFEE, *Respondent.*[1]

¹Reported in 113 P. (2d) 31.

510

J. P. *Tonkoff,* for appellant.

*Clark & Grady* and *Stephen E. Chaffee,* for respondent.

BLAKE, J.—This case comes up on appeal by plaintiff from a judgment entered in favor of defendant, notwithstanding the verdict of the jury, and from an order granting a new trial.

The principal question to be determined is whether the cause of action set up in the second amended complaint is grounded in fraud or upon a breach of contract. If the gist of the action rests upon breach of contract, it is barred by the statute of limitations. If the action grounds in fraud, the statute has not run against it, for the amended complaint contains allegations to the effect that plaintiff discovered the fraud within three years of the time he filed suit.

The case was tried and submitted to the jury upon the theory that fraud was the gist of the action. After reconsidering the matter upon the motion for judgment notwithstanding the verdict, the trial court came to the conclusion that the action was for breach of contract, and that the statute of limitations had run

against it. This was the sole ground upon which the motion was granted. At the same time, the court entered an order granting defendant's motion for a new trial, to be effective in the event of reversal of the judgment *non obstante*.

For the purpose of determining the character of the cause of action, the essential allegations of the amended complaint may be summarized as follows:

The plaintiff was the owner of a tract of land in Sunnyside Valley irrigation district in Yakima county. The defendant is a lawyer, with offices in Sunnyside, whom plaintiff had consulted on several occasions prior to February, 1934, and in whom plaintiff had "full and complete confidence." January 5, 1932, a foreclosure was had against plaintiff's tract of land for delinquent assessments levied by Sunnyside Valley irrigation district. *A treasurer's deed for the land was executed and delivered to the district June 5, 1932.*

At the time of foreclosure and delivery of the deed, there were general taxes against the land in excess of nine hundred dollars. Prior to February, 1934, plaintiff was indebted to the First National Bank of Sunnyside in the sum of $1,455.51, which indebtedness was secured by a mortgage on the land in question. He was also indebted to C. Speck, Inc., in the sum of $603.48. Some time prior to February, 1934, the bank, in order to protect its security and plaintiff's equity, procured a conveyance of the property to itself from Sunnyside Valley irrigation district. Plaintiff, according to the allegations of the complaint, had no knowledge or information concerning the foreclosure and conveyances to the district and the bank until September, 1936.

In the meantime, on or about February 3, 1933, defendant went to plaintiff's home "for the purpose of advising the plaintiff concerning the status of his property . . ." He "falsely and fraudulently"

represented to plaintiff that the latter was owner in fee simple of the real estate in question, and that there was a considerable amount of taxes *"due, owing, and unpaid"* against the property. Defendant requested plaintiff to permit him, the defendant, to represent plaintiff in procuring a reduction of such taxes, whereupon plaintiff signed an instrument which was represented to be an authorization to defendant to represent the former "before the county officials, to procure a reduction of said taxes . . . ."

The instrument turned out to be a verification to a complaint which defendant, as attorney for plaintiff, filed in the superior court of Yakima county on February 5, 1934. The action set up was against Yakima county, and its object was to effect and adjudicate a reduction of taxes that stood on the tax rolls against plaintiff's land. A judgment was entered the same day purporting to reduce the amount of taxes due to the amount of $917.49. The taxes, however, had previously been cancelled. The judgment, therefore, but served to reestablish a tax lien against plaintiff's land in the above amount. It is alleged that "the falsity of said words and acts of the defendant were not discovered by this plaintiff until the first day of September, 1936."

In the meantime, the defendant "advised and induced . . . plaintiff to apply for a loan from the Federal Farm Mortgage Corporation of Spokane" for the purpose of paying his taxes, his indebtedness to the bank and C. Speck, Inc., and the attorney's fees due defendant. Defendant undertook to, and did, procure a loan for plaintiff in the amount of two thousand eight hundred dollars. Of this, $1,401.52 went to the bank, $917.49 to the county for taxes, and $211.92 to defendant for attorney's fees. The amount being insufficient to pay all plaintiff's preexisting debts, de-

fendant persuaded plaintiff to execute a six hundred dollar note to C. Speck, Inc., secured by a chattel mortgage on his live stock. There are allegations of fraudulent representations and misconduct on the part of defendant in connection with this transaction. We think, however, for the purpose of determining the character of the cause set up in the second amended complaint, that it is not necessary to recite them here. The culmination of it all was that plaintiff had to sell his live stock, which was his principal source of income, in order to pay the note to C. Speck, Inc. Deprived of his source of income, he could not keep abreast of his obligations under the mortgage to the Federal Farm Mortgage Corporation, so he lost his place on foreclosure.

Upon the foregoing facts, which were supported by his proof, appellant insists that he made out a case grounded in fraud. To begin with, he argues that the deed from the county treasurer to the irrigation district cancelled the lien of the general taxes under the decision of this court in *North Spokane Irr. Dist. v. Spokane County,* 173 Wash. 281, 22 P. (2d) 990. His conclusion is that the representations to the contrary, which induced him to employ respondent as his attorney for the purpose of procuring a reduction of such taxes, were false.

That appellant relied upon these representations and, in consequence, suffered damage, can hardly be questioned. We have, therefore, all the basic elements for an action grounded in fraud—(1) false representations, (2) reliance upon them by appellant (3) to his damage. That appellant had a right to rely upon the representations, there can be no doubt, although it may be contended that the statements constituted an opinion upon the law rather than representation of fact. Prior dealings between the parties, in the rela-

tionship of attorney and client, created a situation of trust and confidence which justified appellant in relying upon the statements made by respondent and charged the latter with legal responsibility for them, even though they may have been expressions of opinion as to the law. He, as an attorney, was possessed of a superior knowledge of the matters about which he undertook to advise appellant. In such situations, opinions upon the law may form the basis of an action for deceit. See *Hoptowit v. Brown*, 115 Wash. 661, 198 Pac. 370; *Prest v. Adams*, 142 Wash. 111, 252 Pac. 686; 7 C. J. S. 975; *Security Sav. Bank v. Kellems*, 321 Mo. 1, 9 S. W. (2d) 967; *White v. Harrigan*, 77 Okla. 123, 186 Pac. 224, 9 A. L. R. 1041.

Notwithstanding the facts stated and the law as announced by the above authorities, respondent contends that the action is not grounded in fraud. This contention rests upon decisions of this court holding that the liability of an attorney to his client arises out of his contract of employment. *Isham v. Parker*, 3 Wash. 755, 29 Pac. 835; *Jones v. Gregory*, 125 Wash. 46, 215 Pac. 63; *Smith v. Berkey*, 134 Wash. 348, 235 Pac. 793; *Schirmer v. Nethercutt*, 157 Wash. 172, 288 Pac. 265. The theory is that the action is one for malpractice—a breach of the contract of employment through negligent performance.

In advancing this view, respondent puts much reliance in the case of *Cornell v. Edsen*, 78 Wash. 662, 139 Pac. 602, 51 L. R. A. (N. S.) 279. In that case, the court held that the unauthorized dismissal of an action by an attorney constituted merely a breach of contract notwithstanding it was alleged that he fraudulently concealed the fact of dismissal from his client until the statute of limitations had run against the action. The court there said:

"Appellant seeks to avoid the statute by asserting that the cause of action is based upon fraud, and the statute would not begin to run until after its discovery, founding his argument upon Rem. & Bal. Code, § 159, subd. 4 (P. C. 81 § 63), providing that actions for relief upon the ground of fraud are barred within three years, but that the cause of action in such case shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. This provision has no application to the case presented, because it is not 'an action for relief upon the ground of fraud.' We have held that this provision 'has reference to suits by parties to contracts who are asking to be relieved from contracts that they were fraudulently induced to make, as where a deed has been fraudulently obtained, and suits of that character where fraud is the substantive cause of the action.' *Wagner v. Law,* 3 Wash. 500, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784. To the same effect is *Morgan v. Morgan,* 10 Wash. 99, 38 Pac. 1054, citing authorities interpreting like statutes. *The appellant is not here seeking to relieve himself of the burden of some obligation or liability he was induced to assume or undertake by reason of some fraudulent act on the part of respondent, and which he would not have assumed or undertaken except for such fraudulent act."* (Italics ours.)

We think the italicized portion of the quotation marks the distinction between that case and this. Here, according to his allegations and proof, appellant was induced by the false representations of respondent to undertake an obligation that he would not otherwise have assumed: the payment of taxes which had been cancelled and which were not a lien on his property. In other words, the conduct of respondent of which appellant complains, was not a mere breach of the former's contract of employment. It was the inducing cause that lay at the foundation of that contract. But for the representations made by respondent, appellant would not have entered into the contract em-

ploying the former to procure a reduction of the taxes. While the case presents some of the characteristics of an action for malpractice, it also contains the essential elements of an action for fraud.

■ With respect to the bar of the statute of limitations, it is a well-recognized rule that

"Where plaintiff has several remedies for the same cause of action, the fact that one or more remedies have become barred will not affect his right to any of the others which are not barred." 1 Wood on Limitations (4th ed.), 202, § 57b; *Physicians' & Dentists' Business Bureau v. Dray, ante* p. 38, 111 P. (2d) 568; *White v. Hirshfield,* 108 Okla. 263, 236 Pac. 406.

We conclude that appellant's complaint stated a cause of action grounded in fraud, which, under his proof, was not barred by the statute of limitations.

■ Respondent argues that, upon the evidence, it should be held as a matter of law that the evidence was insufficient to sustain a verdict on the ground of fraud; that appellant had knowledge of all the facts upon which he bases his cause of action more than three years before the complaint was filed. We think, however, that appellant's evidence supported all the material allegations of his second amended complaint and was, therefore, sufficient to take the case to the jury. In reaching this conclusion, we have not overlooked respondent's contention that the court rejected certain letters offered by respondent for the purpose of proving appellant's knowledge of the facts more than three years before the action was brought. Assuming the letters were admissible and that they had been admitted, the issue would have still been for the jury.

■ Appellant assigns error upon the order granting a new trial. The order was general in terms and is, therefore, reviewable only for abuse of discretion. *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142; *Bowser v. Seattle,* 186 Wash. 550, 59 P. (2d) 294. We are of the

view that the court acted well within its discretionary power in granting a new trial.

The judgment entered notwithstanding the verdict is reversed. The order granting a new trial is affirmed.

ROBINSON, C. J., MAIN, and DRIVER, JJ., concur.

STEINERT, J., concurs in the result.

