[No. 28901. Department Two. February 19, 1943.]

PHYSICIANS' & DENTISTS' BUSINESS BUREAU, *Plaintiff*, v. GERTRUDE DRAY, *Appellant*, W. WELDON PASCOE, *Respondent*.[1]

[1]Reported in 134 P. (2d) 83.

*Ralph Woods,* for appellant.

*Horace G. Geer* and *Metzger, Blair & Gardner,* for respondent.

GRADY, J.—This action was commenced by the Physicians' & Dentists' Business Bureau, a corporation, against Gertrude Dray, to recover on an assigned claim of Dr. W. Weldon Pascoe, a physician and surgeon, for professional services. Dr. Pascoe became an additional party defendant to the action. In her amended answer, the defendant, Gertrude Dray, alleged that Dr. Pascoe had performed an operation upon her against her will and without her consent beyond the services she had employed him to undertake, and prayed for a judgment awarding her damages. Issues were joined, and, at the close of the trial, the court ordered the action of the plaintiff dismissed for the reason that it was barred by the statute of limitations, and that the cross-complaint of the defendant against the additional defendant be dismissed. The defendant, Gertrude Dray, has taken an appeal from the judgment of the court dismissing her cross-complaint, and will be referred to in this opinion as appellant, and the additional defendant, Dr. Pascoe, will be referred to as respondent.

On a former appeal of this case, reported in 8 Wn. (2d) 38, 111 P. (2d) 568, this court directed the lower court to overrule the demurrer to the cross-complaint. Issues were then joined, and the case was tried on its merits. The trial judge made findings of fact to the effect that the appellant had requested the respondent to make an examination of her, at the conclusion of which the respondent advised her that her condition

could be remedied only by the performance of an operation, and that she should present herself at the Tacoma General hospital on the evening of March 12, 1936, for such purpose; and that, on the morning of March 13, 1936, the respondent, with the consent of the appellant, performed upon her a surgical operation, resulting in the removal of one of the female organs. Upon these findings, the court concluded that the action of the appellant should be dismissed.

■■ The appellant urges that the findings of fact are contrary to the weight of the evidence. The testimony given by the witnesses is conflicting. The main question is whether the agreement between the appellant and the respondent was that the appellant was to go to the hospital for an exploratory examination in order to determine if an operation were necessary, or whether she went there for an examination and, if the respondent determined therefrom that an operation was necessary and proper, he should proceed to perform it.

We do not think it will serve any useful purpose to discuss the testimony in detail. There are some collateral circumstances which corroborate the claim of the appellant that her sojourn in the hospital was to be no more than over night and the next day, negativing the idea that a major surgical operation was to be performed; and, likewise, there is testimony and circumstances corroborating the claim of the respondent that the operation was to be performed if, upon examination and while the appellant was under an anesthetic, the respondent deemed it advisable.

This is a typical case for the application of the rule that this court will not disturb the findings of the trial judge unless it appears to the court that they are contrary to the preponderance of the evidence. From our examination of the record, we do not think that it can

be said that the findings of fact made by the trial judge are against the preponderance of the evidence.

The judgment is affirmed.

SIMPSON, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.