171 F.Supp. 84 (1959)
Conrad SOMMER, Plaintiff,
v.
NEW AMSTERDAM CASUALTY COMPANY, a Corporation, Defendant.
No. 58C91(3).
United States District Court E. D. Missouri, E. D.
February 20, 1959.
Kenneth Teasdale, Cobbs, Armstrong, Teasdale & Roos, St. Louis, Mo., for plaintiff.
J. C. Jaeckel, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, Mo., for defendant.
*85 WEBER, District Judge.
This cause is before the Court upon cross Motions for Summary Judgment filed by both parties under Rule 56. A brief review of the factual situation and the pleadings is necessary for the purposes of this Opinion.
Plaintiff here is a psychiatrist-psychoanalyst. Defendant issued its policy of professional insurance on August 14, 1954, for a term of one year and received advance premium therefor.
The policy in question provided:
"I. Professional Liability Coverage A * * * To pay on behalf of insured all sums which insured shall become legally obligated to pay as damages because of injuries arising out of malpractice, error or mistake in rendering or failing to render professional services in the practice of the insured's profession described in the declarations * * *."
"II. Defense, Settlement, Supplementary Payments. As respects the insurance afforded by other terms of this policy the company shall: (a) defend any suit against the insured alleging such injury and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *."
"Exclusions. This policy does not apply: (a) to injury arising out of the performance of a criminal act or caused by a person while under influence of intoxicants or narcotics."
It can be seen from the above pertinent provisions of the policy that this coverage falls in the general classification of malpractice-type of policy for professional people.
After the issuance of the policy the plaintiff herein was sued in the Circuit Court of the City of St. Louis by one Littleton. Another doctor, an ambulance service operator and a sanatorium were joined as defendants in that suit. Generally speaking, the Petition filed charged the defendants with making an assault upon the plaintiff by placing him in a sanatorium for the mentally ill. The Petition alleged the professional capacities of the defendants and there was sufficient allegation to infer that the alleged assault was committed in the performance of their several professional capacities.
Without going into all details disclosed by exhibits filed on this hearing, suffice it to say that plaintiff herein called upon the defendant insurance company at various intervals for a defense in that lawsuit. Defendant refused to defend and subsequently the plaintiff herein settled the case with Littleton and the present suit has been filed to recover attorney's fees and expenses incidental to the settlement of the litigation.
Upon the cross Motions for Summary Judgment plaintiff is contending that his Complaint, with the policy attached, entitles him to a judgment on the pleadings, and defendant is contending that the pleadings entitle it to a summary judgment thereon.
At the outset, it can be said that plaintiff's Complaint requires proof on all issues, including the measure of damages. Under the state of this record there can be no question but that plaintiff's Motion for Summary Judgment is not well founded.
Defendant's contention for summary judgment is bottomed upon the exclusion feature of the policy above quoted, to wit, that the policy does not apply to injury arising out of the performance of a criminal act. Certainly an insurance company has a right to interpret its policy and determine whether it will or will not defend or whether it will or will not pay. Such decision, however, is an action by the company and constitutes its interpretation of its own policy. But just as certainly, if the company makes the decision to neither defend nor pay, such decision is not binding upon courts. For, when the policy comes into question upon a suit by the insured against the company, then the legal issue arises whether the facts, regardless of how the insurance *86 company interpreted those facts, do or do not require defense, payment or both.
The provisions of the policy above quoted show a two-fold duty on the part of the company: under Coverage I, to pay on behalf of the insured all sums which the insured becomes legally obligated to pay, and under Coverage II, to defend any suit against the insured alleging such injury and seeking damages, "even if such suit is groundless, false or fraudulent;".
The whole theory and philosophy of malpractice insurance liability embraces the theory of defending the physician charged by a patient. The insurance company knows when it writes its policy that a suit for malpractice might be groundless and, therefore, it tells the doctor in his policy "we will defend you even though such charges may be false, groundless or fraudulent". See Employers' Liability Assur. Corp. v. Youghiogheny & Ohio Coal Co., 8 Cir., 1954, 214 F.2d 418, loc. cit. 422.
The defendant is saying, "because Littleton alleged an assault, and because the word `assault' connotes a crime, we did not owe the insured either the duty to defend or to pay." But, how can it be determined whether there was or was not an assault? The defendant says that they investigated and determined that. It seems most needless to remind them, but apparently they need reminding, that such investigation might suffice for their determination of whether to defend or pay, or both, but such determination when suit on the policy is involved must be dependent upon the facts and whether or not those facts require their defense, or payment, or both.
It can also be pointed out to the defendant that an assault might be made and still not be "a criminal act." An intent to do harm is at the basis of the criminal act of assault. State v. Kunkel, Mo.App., 244 S.W. 968, loc. cit. 969; Shehee v. Aetna Casualty & Surety Co., D.C., 122 F.Supp. 1, loc. cit. 6. Only the facts in issue can determine whether or not a touching, striking, wounding, or an attempt to do so, can be constituted as "a criminal assault".
The facts of this particular case disclose that the plaintiff here was called by his office secretary to come and persuade her husband (Littleton) to go to a sanatorium for a mental condition. Defendant contends that as he went there at the request of his secretary and tried to persuade Littleton to go to the sanatorium and to allow others to take him to the sanatorium, a physician-patient relationship did not exist. Defendant attaches a statement of the plaintiff in which he, the plaintiff himself, said, "Littleton was not my patient".
At the most, the plaintiff's statement is but an admission against interest and thus evidentiary only. For, regardless of the defendant's interpretation of what took place in order for it to make its decision as to whether or not to defend or pay; regardless of plaintiff's own statement of the relationship; it still remains a factual situation for the court to determine in this suit upon the policy whether the physician-patient relationship did actually exist.
There is even another reason why defendant's Motion for Summary Judgment should not lie. The policy insures for injuries arising out of "malpractice, error or mistake in rendering or failing to render professional services in the practice of the insured's profession * * *".
The word "malpractice" includes the performance of criminal acts. Bakewell v. Kahle, Mont., 1951, 232 P.2d 127; Cramer v. Price, 1948, 84 Ohio App. 255, 82 N.E.2d 874; Physicians' and Dentists' Business Bureau v. Dray, 1941, 8 Wash.2d 38, 111 P.2d 568. The words "error" and "mistake" could also embrace an assault.
It has been held that provisions in an insurance policy which attempt to exempt the company from risk on account of certain conditions, which in fact exist and are known to insurer and which provisions, if given effect, render the policy inoperative at its inception, such provisions are invalid. See Andrus v. Maryland *87 Casualty Co., 1904, 91 Minn. 358, 98 N.W. 200. In other words, can the defendant offer plaintiff a policy to protect him from damages for malpractice (which embraces an assault) in one breath, and then in the other breath turn around and exempt assaults? If that be the case what have they given to the insured?
Certainly the defendant should not receive a premium for a policy for malpractice and then turn around and exclude the very thing for which it took the fee.
As was said in the case of Shehee v. Aetna Casualty & Surety Co., supra, at loc. cit. 6, "In interpreting private insurance contracts, * * *, the universal rule is that courts will give a liberal construction to policy provisions to effect coverage, where a narrow one would lead to manifest injustice. An interpretation which entirely neutralizes one provision of the policy should not be adopted if the contract is susceptible of another which gives effect to all provisions and is consistent with the general intent." See also Heyward v. American Casualty Co. of Reading, Pa., D.C., 129 F.Supp. 4, loc. cit. 9[7], and loc. cit. 11 [10, 11].
Therefore, it is the conclusion of this Court that the defendant also has failed to make a case for summary judgment.
Both the plaintiff's case and the defendant's case should and must await the ultimate questions of facts to be determined from all circumstances attending and surrounding the incident in question, to wit: Was there a physician-patient relationship? Were the plaintiff's actions within the realm of psychiatry and psychoanalysis? Was it the intention of the parties when the contract of insurance was entered into to cover situations of this kind? Was it the duty of the defendant to defend? If so, was there or is there the added duty to respond in damages?
The factual answers to these and other questions which the evidence may raise will, when heard by the trier of the facts, finally serve as the basis of the determination of whether the plaintiff is or is not entitled to recover.
An order shall be entered overruling the cross motions of both parties for summary judgment.