**Angela ROSSON, Appellant,**

v.

**Dr. Thomas A. COBURN, Appellee.**

**No. 80495.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 15, 1994.

Rehearing Denied March 22, 1994.

Certiorari Denied May 17, 1994.

732

Richard A. Shallcross, Tulsa, for appellant.

Galen L. Brittingham, Marthanda J. Beckworth, Tulsa, for appellee.

## OPINION

HANSEN, Judge:

In this action for personal injury, Appellant Angela Rosson (Rosson) seeks review of judgment in favor of Appellee Dr. Tom Coburn (Coburn).

Rosson filed her Petition in the trial court on December 4, 1991, and in her First Amended Petition set forth two causes of action. The first cause of action alleges a battery, asserting that on November 7, 1990, Coburn unnecessarily ligated Rosson's right fallopian tube without her consent. The ligation rendered Rosson sterile in that her left fallopian tube was removed during the same emergency exploratory procedure for treatment of an ectopic pregnancy.[1]

The second cause of action alleges professional negligence arising from the same procedure as the alleged battery. Rosson contends in the petition that Coburn breached

his duty as a physician by failing to exercise reasonable care in advising and informing her before performing the unauthorized and unnecessary ligation.

Coburn's Answer to the Amended Petition included, among other things, the affirmative defense of statute of limitations to the battery cause of action. Subsequently, Coburn filed a motion to dismiss, again asserting the battery claim was barred by 12 O.S. 1981 § 95 (Fourth)[2], the applicable statute of limitation. Coburn's motion to dismiss, which also included other grounds, was denied by the trial court without specific findings.

Just prior to the jury trial, the trial court, with another judge on the bench[3], dismissed Rosson's battery claim. The trial court found the battery claim was barred by 12 O.S. 1981 § 95 (Fourth)[4], having been filed more than one year from the date of the alleged unauthorized surgery.

After presentation of Rosson's evidence, the trial court sustained Coburn's demurrer. From the bench, the trial court stated its finding, as a matter of law, that Rosson's only remaining claim was in fact one in battery, which was also barred by the one year statute of limitation. Rosson brings this appeal from judgment for Coburn based on the trial court's findings.

Rosson first contends the trial court erred when it dismissed her battery claim. She alleges procedural error, but because we reverse on substantive grounds we need not consider Rosson's procedural arguments.

Rosson asserts that rather than the one year limitation period found in 12 O.S. 1981 § 95 (Fourth)[5], the trial court should have applied the two year period found in 76 O.S. 1981 § 18. Section 18, in relevant part, provides:

1. Rosson did sign a consent form for an "exploratory laparotomy".

2. 12 O.S.1981 § 95(Fourth) provides:
 Civil actions other than for the recovery of real property can only be brought within the following periods ...:

 (Fourth) Within one (1) year: An action for libel, slander, assault, *battery* ...; (emphasis added)

3. The presiding judge acted *sua sponte* "to dispose of the pending motions", and apparently was unaware the motion had been ruled on previously.

4. Supra, footnote 2.

5. Supra, footnote 2.

An action for damages for injury or death against any physician, ..., whether based in tort, breach of contract or otherwise, arising out of patient care, shall be brought within two (2) years of the date the plaintiff knew or should have known, through the exercise of reasonable diligence, of the existence of the death, injury or condition complained of; provided any action brought more than three (3) years from the date of the injury shall be limited to actual medical and surgical expenses incurred or to be incurred ...,

■ This state has long recognized that an unnecessary operation performed upon a patient without his or her consent constitutes a technical battery.[6] *Rolater v. Strain,* 39 Okla. 572, 137 P. 96 (1913). A civil action for battery is based in tort. *W. Prosser, The Law of Torts* at 34 (4th ed. 1971).

■ If a statute is plain and unambiguous, and its meaning clear, it will be accorded the meaning expressed by the language used. *Berry v. Public Employees Retirement System,* 768 P.2d 898 (Okla.1989). The language of 76 O.S. 1981 § 18, as quoted above, is plain and unambiguous. Rosson's battery claim is an action for damages for injury against a physician. The claim is based in tort and arises out of patient care. The claim thus comes within the plain and unambiguous language of § 18.

■ Rosson's battery claim also comes within the language of 12 O.S. 1981 § 95 (Fourth). Where, as here, there are two statutory provisions, one which is special, clearly includes the matter in controversy, and prescribes a different rule than that found in a general statute, the special statute applies. *Independent School District # 1 of Tulsa County v. Board of County Commissioners of the County of Tulsa,* 674 P.2d 547 (Okla.1983).

■ Here, § 18, which provides a limitation period for only those battery claims arising out of patient care, is more specific than § 95 (Fourth), which limits battery claims among claims for other tortious conduct. Therefore, § 18 would be the applicable statute under the rule in *Independent School District # 1.* Additionally, as the later legislative expression, § 18 would ordinarily be given effect over § 95, and any other prior enactments of contrary import[7]. *Brown v. Marker,* 410 P.2d 61 (Okla.1966).

■ Coburn asserts that including battery claims within the limiting provisions of § 18 renders that section an unconstitutional special statute under Article 5, Section 46 of the Oklahoma Constitution[8]. He argues that the effect of such inclusion is that physicians are singled out from the entire class of battery litigants for different treatment.

The Supreme Court has disposed of this issue in *McCarroll v. Doctors General Hospital,* 664 P.2d 382 (Okla.1983). There, the Supreme Court considered the same statutory and constitutional provisions we now have before us. The Court found 76 O.S. 1981 § 18 to be constitutional under an Art. 5, § 46 examination.

The *McCarroll* Court found the constitutional challenge was to the "legislative grouping of health care providers into a class for special legislative treatment", which is what Coburn argues here. The Court adopted the reasoning that "[l]egislation affecting alike all persons pursuing the same business under the same conditions is not class legislation"[9]. *McCarroll,* 664 P.2d at 386. The Supreme Court held that:

... the classification of health care providers for the purpose of legislatively limiting the time within which an action against them may be brought, as set forth in 76 O.S.1981 § 18, has not been shown to be such an arbitrary exercise of legislative

---

6. A "technical battery" occurs when a physician, in the course of treatment, exceeds the consent given by the patient. Black's Law Dictionary at 153 (6th ed. 1990).

7. 76 O.S.1981 § 18 was enacted effective April 8, 1976 and 12 O.S.1981 § 95 was enacted in 1910.

8. Art. 5, § 46, Okla. Const., provides:

The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:

 ＊ ＊ ＊ ＊ ＊ ＊

For limitation of civil or criminal actions ..

9. See 16A Am.Jur.2d Constitutional Law § 775.

discretion or without any show of good cause as would impel this Court to declare it unconstitutional....

*McCarroll,* at 387.

As her second appellate proposition, Rosson contends the trial court erred as a matter of law when it sustained Coburn's demurrer at the close of Rosson's evidence. We agree.

In addition to the preservation of her battery claim under the two year limitation period in 76 O.S.1981 § 18, Rosson has an alternative claim for malpractice under the second cause of action in her First Amended Petition. That cause of action alleged professional negligence. In granting Coburn's demurrer, the trial court found, as a matter of law, that "there was no evidence that the Court heard from the plaintiff which indicated that the surgery in question was done negligently other than the battery claim".

■ Rosson testified that Coburn failed to advise her concerning the right fallopian tube ligation, and failed to get her consent for the procedure. The facts here are similar to those in *White v. Hirshfield,* 108 Okla. 263, 236 P. 406 (1925).. There the plaintiff consented to a caesarean section delivery, but the defendant physician also tied and removed plaintiff's fallopian tubes despite plaintiff's withholding consent for the latter procedure.

In *White v. Hirshfield,* 236 P. at 407, the Supreme Court reasoned that:

> ... where a patient is under the care, treatment, and control of a physician, and an unnecessary operation is performed without the consent of such patient, that the elements of technical assault and battery include malpractice and a violated duty upon the part of the physician to his patient, and where an injury results to the patient, that such patient may waive [10] the action for technical assault and battery and rely for their right to recover damages by reason of the wrongful and unskillful acts of the physician, which constitute a violated duty upon his part.

The physician's duty discussed in *White v. Hirshfield* is the core of the later developed medical malpractice cause of action based on lack of "informed consent". In adopting the doctrine of informed consent, the Supreme Court noted the duty to disclose is the first element of the cause of action. *Scott v. Bradford,* 606 P.2d 554 (Okla.1980).

■ In reviewing a demurrer to the evidence, we must examine the evidence in the light most favorable to the plaintiff. *Middlebrook v. Imler, Tenny & Kugler, M.D.'s, Inc.,* 713 P.2d 572 (Okla.1985). A demurrer to plaintiff's evidence is sustainable only when there is an entire absence of proof to show any right of recovery. *Boyles v. Oklahoma Natural Gas Co.,* 619 P.2d 613 (Okla.1980).

In addition to Rosson's testimony that Coburn failed to advise her and obtain her consent to the procedure which rendered her sterile, she also testified as to damages, including that she wanted to have more children. The record also reveals testimony of a medical expert that Coburn's performance at the time in controversy was a departure from the standard of care and that it was the proximate cause of Rosson's condition of sterility. This evidence, taken in the light most favorable to Rosson, was sufficient to establish a cause of action for medical malpractice.

With regard to the question of standard of care, we are unpersuaded by Rosson's assertion that her claim is one of negligence *per se* because federal regulations were violated by Coburn's performance of the procedure which rendered her sterile. In support of this assertion, Rosson relies on Title XIX of the federal Social Security Act, 42 U.S.C. § 1396 et seq, as amended, and its implementing regulations.

Title XIX is entitled *Grants to States for Medical Assistance Programs.* The grants are under what is commonly known as the Medicaid Program. The record reflects Coburn had been paid for his care of Rosson with Medicaid funds.

Within Title XIX, § 1396 authorizes appropriations for the purpose of enabling each

---

**10.** A plaintiff is no longer required to "waive" or elect a cause of action, but may now ask for relief in the alternative. See, 12 O.S.1991 § 2008(A).

State, as far as practicable under the conditions in such State, to furnish medical assistance and rehabilitation to certain specified categories of persons. Section 1396 also limits sums made available to only those States with approved State plans for medical assistance.

Regulatory implementation of Title XIX as to sterilizations is found at 42 CFR 441.250 et seq. Section 441.252 requires that State plans for medical assistance provide for payment of sterilization procedures only if requirements of the Medicare regulations are met.

■ One of those Medicaid requirements is that the individual sterilized be at least 21 years old at the time consent is obtained. Rosson argues Coburn's performance of the sterilization procedure on her was negligence *per se* because she was only 20 years old at the time.

■ Among other things, to establish negligence *per se* by violation of a statute or regulation, the injured party must be one of a class intended to be protected by the statute or regulation. *Ohio Casualty Insurance Co. v. Todd,* 813 P.2d 508 (Okla.1991). We find the purpose of the statutes and regulations relied on by Rosson was not to afford protection to any individuals, therefore her proposition must fail.

■ The Medicaid Act is an administrative scheme providing medical assistance benefits to qualified recipients through states, implying no private right of action. *Chalfin v. Beverly Enterprises, Inc.,* 741 F.Supp. 1162 (E.D.Pa.1990). Also see, *Stewart v. Bernstein,* 769 F.2d 1088 (5th Cir. 1985).

The Medicaid regulations themselves reveal that their purpose is not to impose a national policy prohibiting sterilization of those under the age of 21 years, but to ensure that federal funding is not used to do so. 42 CFR 441.253 provides:

FFP [11] is *available in expenditures* for the sterilization of an individual only if—

11. Federal Financial Participation.

(a) The individual is at least 21 years old at the time consent is obtained; . . . (emphasis added).

Whether Coburn violated Medicaid statutes or regulations by receiving Medicaid funded compensation for the sterilization procedure on Rosson appears to be in controversy, but even presuming he did receive such compensation, it would not establish negligence *per se.* It follows that the trial court did not err in denying Rosson's motion to take judicial notice of Medicaid statutes because the statutes were not in issue.

We find the trial court did err, however, in dismissing Rosson's first cause of action alleging battery, and in sustaining Coburn's demurrer to Rosson's evidence on her second cause of action alleging professional negligence.

Accordingly, the judgment of the trial court is REVERSED, and this matter is REMANDED to the trial court for further proceedings consistent with this opinion.

JONES, P.J., and ADAMS, J., concur.